### 38737. PROSSER v. CHRISTIAN.

DECIDED APRIL 4, 1961—REHEARING DENIED APRIL 18, 1961.

*Irwin L. Evans, James M. Watts,* for plaintiff in error.
*Frank W. Bell,* contra.

BELL, Judge. The only question we are called upon to consider is whether there is any evidence to support the verdict of the jury approved by the trial court below. The evidence

was in conflict, the plaintiff testifying that she loaned the defendant $2,000, that he was to pay interest during the year, "if I needed it and if I didn't he was to pay it all November 1st." The defendant, on the other hand, testified that the plaintiff did not let him have the money.

The plaintiff further testified: "Q. What other terms were there or what other conditions were there? What was he to do in reference to the loan that he was to secure you by? A.' Not anything only the policy. Q. Would you tell us about the policy, please? A. Well, he had the policy wrote out if anything should happen to him that I would collect my two thousand dollars." The plaintiff testified also that the defendant took out the policy of insurance, which was assigned to her and delivered to her. Another portion of the plaintiff's testimony was that the defendant defaulted in his agreement to pay interest during the year if she asked for it. She testified that the defendant defaulted in his agreement to keep the policy in force. "Q. And you wanted him to make out an insurance policy to you but you didn't even require a note? A. No. Q. And when did you discuss all the terms of it, that if he missed one payment they would all be due, when was that discussed? A. Well, I don't know exactly what time but Mr. Phillips I suppose could tell you, he came out and told me that he had dropped the policy and wasn't keeping it up."

A photostatic copy of the insurance policy of the defendant in the amount of the claimed loan, with the assignment of that policy to the plaintiff lender, was admitted in evidence. The defendant testified in part as follows: "Q. What was ever said about a loan? A. I told her that I was getting tired. I wasn't able to do what I was doing in the cemetery and that I was going to go in business of my own. She said I'll loan you the money if you will make an insurance policy to me covering the amount. And I told her I would and I done it. When she got the policy, then she didn't let me have no money. . ."

While the evidence is in conflict and is not entirely satisfactory, we feel there was sufficient evidence to justify the jury in finding, as it did, that the plaintiff loaned money to the defendant, that he defaulted in the terms of the agreement, and that

the plaintiff was entitled to recover the entire sum because of the defendant's breach. The trial judge has approved the verdict and denied the motion for a new trial on the general grounds. "Where there is any evidence to support the verdict of a jury approved by the trial court this court is without authority to reverse the judgment of the trial court denying the motion for new trial on the usual general grounds." *Grannemann v. Salley*, 95 Ga. App. 778, 781 (4) (99 S. E. 2d 338).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*