## ENRIGHT *vs*. THE CITY OF ATLANTA.

1. Where an exception to a part of the charge embraces more than one issue of law, the plaintiff in error must specify on which one he assigns error, and for what reason, unless the whole part excepted to is erroneous.

2. Where the jury failed to find any damages at all, alleged errors in the charge as to the measure of damages will not be considered, unless they show bias or unfairness generally in the charge, or some other bearing on the case besides the measure of damages; and if so, that particular reason for such exception must be specified.

3. In a suit against a city for damages resulting from falling into a hole on a sidewalk, it being in issue whether the plaintiff was under the influence of liquor at the time of the injury or not, there was no error in admitting evidence of repeated drunkenness for some years before the injury and afterwards, the judge having cautioned the jury that, unless the plaintiff was under the effects of liquor on the night of the injury, such testimony could not affect his case.

4. That counsel for the defendant, in cross-examining the plaintiff, called him familiarly "Pat," furnishes no ground for a reversal of the judgment below. Such matters are for the control of the presiding judge, and this court will not interfere with them unless some gross outrage to the party be made very apparent and damage resulting to his case plainly appears.

5. There was no error in charging that, if the injury was pure accident, caused neither by the negligence of the city nor that of the plaintiff, there could be no recovery.

6. While the time during which a defect in a sidewalk existed may appear to this court to be sufficient to charge the city with notice of its condition, yet it is not for the presiding judge to prescribe in his charge the length of time which will raise a presumption of negligence in not taking notice. Questions of negligence are peculiarly for the jury, and it was not error to leave to the jury to say whether or not, under the evidence, the time was sufficient to show negligence.

7. If a city was negligent in not repairing a hole in one of its sidewalks, and a passenger was injured by falling into it, it is not sufficient to prevent his recovery that he may have been lacking in ordinary care and diligence to avoid the injury; but it must appear that by the use of such ordinary care and diligence he could have avoided the injury.

(a) The charge of the court on this subject is not clear; and while elsewhere he laid down the law correctly, a new trial might be granted, if this court were satisfied that the plaintiff was free from the effects of liquor and could not have avoided the consequences to himself by ordinary care.

November 19, 1886.

Practice in Supreme Court. Streets and Sidewalks. Damages. Charge of Court. Evidence. Practice in Superior Court. Notice. Before Judge VAN EPPS. City Court of Atlanta. March Term, 1886.

Patrick H. Enright brought suit against the City of Atlanta to recover damages for injuries sustained by falling into a hole or excavation in a sidewalk in one of its streets. The evidence for the plaintiff tended to show that he was walking along the street at night with and slightly in advance of some comrades; that he came to what appeared to be a rough place in the sidewalk and crossed to where the opposite sidewalk ought to have been, and there fell into the hole, causing the injury. The testimony of one of the party accompanying him showed that such witness knew that the sidewalk was dangerous, but he did not think of the rapid gait at which the plaintiff was walking, or he would have called to him. There was other testi-

mony as to the nature and extent of the injury. The plaintiff and his witnesses admitted that he had frequently been drunk both before and since the injury, and had had a number of cases in the recorder's court on account of drunkenness, but it was denied that he was drunk on the night of the injury.

The testimony for the defendant tended to show that the plaintiff was drinking on the evening of the injury, and he had been known to be drunk several times previously; and a physician testified that he examined the plaintiff and found no evidence of any injury resulting from the fall; that from the plaintiff's account of the injury, he thought it might, with proper treatment, have been cured in a month or six weeks; and that the fall could not have produced certain symptoms testified to, but they might have arisen from excessive use of liquor, and a man who had been drinking would be more susceptible to the shock than one who had not.

The jury found for the defendant. The plaintiff moved for a new trial on the following grounds:

(1)–(4) Because the verdict was contrary to law, evidence, justice and the charge of the court.

(5) Because the court erred in charging the jury as follows: "If the jury believe from the evidence that the corporate authorities of the city of Atlanta did not exercise all reasonable care and supervision over that portion of the street and sidewalk where the injury is alleged to have occurred to keep it in good repair and in safe condition for travel, and by that means allowed it to become defective and unsafe; and if the jury further believe from the evidence that the plaintiff, in attempting to walk along that portion of the sidewalk, by reason of such defect, was injured, and has sustained damage thereby, as charged in this declaration, and that he was at the time exercising reasonable care and caution to avoid such injury, the defendant is liable, and the jury should find for the plaintiff."

(6) Because the court charged as follows : " If the plaintiff was not in the use of ordinary care and diligence while walking along said street in the night-time, to avoid injury, he cannot recover."

(7) Because the court charged as follows : " If the injury of which the plaintiff complains was the result of accident, and was not occasioned· either by his own negligence or that of defendant, as explained in these instructions, he could not recover."

(8) Because the court charged as follows : "The jury are further instructed that reasonable care and diligence required of the plaintiff, as mentioned in these instructions, means that degree of care and caution which might be expected reasonably from an ordinarily prudent person under the circumstances surrounding the plaintiff at the time of the alleged injury. Ordinary diligence involves a reasonable use of all the resources, mental and physical, which are at the command of a traveler along a street or sidewalk. Ordinary diligence on the part of the city is that care which every prudent municipality takes to put its streets in safe order and keep them so. On the part of the passenger of average powers and capacity, it is that care which every prudent person takes to pass over them without sustaining any injury or inflicting any."

(9) Because the court charged as follows: " If you believe from the evidence that the plaintiff was intoxicated, or so far under the influence of intoxicants as to affect his conduct at the time he was injured, and that for that reason, or any other, he failed to exercise ordinary care and diligence and was injured as a result of his own negligence, he could not recover. Mere proof, however, of a habit of using liquor, or of instances of its use by plaintiff to excess, even if on the very day of the alleged injury, would not bar his recovery, if the jury believe that its effects did not extend to the time he was injured, or that he was, notwithstanding, in the exercise of ordinary care and diligence."

(10) Because the court charged as follows : "Notwithstanding the jury should find from the evidence that the street, at the time of the alleged injury, was defective, yet this fact alone would not be sufficient evidence of negligence on the part of the defendant. In order to charge the defendant with negligence, it must further appear that such defect was actually known to the city through some of its officers, servants or agents, or that the defect had existed for such a length of time prior to the alleged injury that the city, if exercising ordinary diligence, would have known of the defect or ought to have discovered the fact."

(11) Because the court charged as follows: "If the jury believe from the evidence that the plaintiff was injured by reason of the defendant's negligently failing to keep its streets and sidewalks in reasonably good repair, or negligently allowing them to remain in an unsafe condition, as explained in these instructions, and without fault on his part, and that he has sustained damage, then the jury have a right to find for him such an amount of damages as the jury believe from the evidence will compensate him for the actual injuries sustained."

(12) Because the court charged as follows: "If the jury should find that the plaintiff was not negligent, and that the city was negligent, and that the plaintiff was injured in the manner alleged in the declaration, and that the city is liable therefor, the jury should only award such damages as would, in common reason and fairness, compensate him for his injuries sustained."

(13) Because the court charged as follows : "So far as such injuries are capable of being accurately estimated in money, that sum, and that sum only, should be allowed, and you would look to the evidence to ascertain it. Such would be a claim for expenses of medical treatment, of time lost, of clothes injured, or other special injury which is shown in the evidence."

(14) Because the court charged as follows : "So far as

cuts, wounds or bruises or internal injuries are concerned, and the pain and suffering resulting therefrom, if any such be shown, the court instructs the jury that they should carefully bear in mind, in estimating the plaintiff's damages, if they should find any damages, that the verdict should truthfully and impartially express only the amount which the jury believe is the actual amount of injury sustained by him. The pain and suffering which the plaintiff is shown to have sustained, if any, are not of a nature susceptible of exact mathematical computation as to injuries of this sort; no measure of damages can be prescribed, except the enlightened conscience of impartial jurors, acting cautiously, taking the evidence and all the evidence as their guide, and fixing fairly and impartially between the parties such a sum as an award of damages, if any, as the jury may think proper and right in view of all the facts and circumstances proved on the trial."

(15) Because the court admitted, over objection, testimony to prove that the plaintiff had been intoxicated on several occasions prior to the date of the injury, from a witness who knew nothing of his condition at that time.

(16) Because the court erred in allowing the city attorney, when cross-examining the plaintiff, and when addressing him, to call him "Pat." This manner was objected to by the plaintiff's counsel as tending to bring the plaintiff into contempt with the jury, but the court refused to interfere with the city attorney, and allowed him to continue this manner of examination."

The motion was overruled, and the plaintiff excepted.

REUBEN ARNOLD, for plaintiff in error.

J. B. GOODWIN; J. T. PENDLETON, for defendant.

JACKSON, Chief Justice.

This action is brought by Patrick Enright to recover damages from the city for injuries by falling into a hole on

the sidewalk of Fort street.   The jury, under charge of the court, found for the defendant, and the plaintiff, being denied a new trial, excepted and brings the case to this court, assigning for error the grounds of the motion for a new trial.

1. Some of the grounds of the motion cannot be considered because the error is not specified.   Where an exception to a part of the charge embraces more than one issue of law, the plaintiff in error must specify therein on which one he assigns error, and for what reason, unless the whole part excepted to be erroneous.   *Thompson vs. Feagin*, 60 *Ga.* 82.   This covers the 5th, 8th, 9th and 14th grounds of the motion.

2. Where the jury fail to find any damage at all, errors alleged as to the measure of damage will not be considered, unless they show bias or unfairness generally in the charge, or some other bearing on the case besides the measure of damage; and if so, that particular reason for such exception must be specified.   In none of the grounds of the motion in respect to damages is there such a specification. This applies to the 11th, 12th, 13th and 14th grounds.   The contention of counsel for plaintiff in error was that these charges showed bias and one-sidedness in the charge; but such contention orally at this bar is not specified in any of the above grounds.   The error must be specified plainly in the assignment, to be heard before this court.   Code, §4251.

3. There was no error in admitting evidence of repeated drunkenness for some years before this misfortune of plaintiff in error, and even afterwards, for the purpose of throwing light on the issue whether or not he was under the influence of spirituous liquors that night, the judge having cautioned the jury that unless the plaintiff was under the effects of liquor that night, such testimony could not affect his case.

4. There was no error in overruling the motion on the ground alleged, that counsel for the city, in questioning

plaintiff on cross-examination, called him familiarly "Pat," it tending, as counsel insisted, to lower his client in the jury's estimation. We cannot tell whether it did lower and prejudice him or not. We cannot think it hurt him. It merely showed that the city's counsel knew Pat well, apparently, and the appellation showing intimacy, and the counsel being a gentleman of the bar and of character, it may have had the tendency to elevate Pat in the jury's estimate. But this court does not interfere with such matters of taste in conducting the examination of witnesses. The presiding judge will manage such matters unmolested here, unless some gross outrage to the party be made very apparent, and damage resulting to his case plainly appear.

5. We cannot see error in the charge that, if the injury was a pure accident, caused neither by the negligence of the city nor that of the plaintiff, there could be no recovery. It must be so, because it is only negligence in itself, through its officers and agents, that makes the city liable; and if neither party be negligent, of course the city is not.

6. Whilst we agree with counsel for plaintiff in error that the time during which the trouble on the sidewalk existed appears to us to have been long enough to charge notice on the defendant of the condition of this sidewalk, yet we cannot say that the charge on that point is wrong. That charge leaves it to the jury to say whether or not, from the evidence, the time was sufficient to show negligence. These issues of negligence are peculiarly for the jury, and while this court did hold that two or three weeks were sufficient to show notice and want of diligence, in the case of *The City of Atlanta vs. Perdue*, 53 *Ga.* 607, yet it did not hold that the presiding judge should prescribe in his charge the length of time for the presumption of negligence in not taking notice, and control the finding of the jury on this issue involving negligence in the city. We conclude that there is no error in the 11th ground of the motion. Besides it contains two paragraphs, and which

is the error of law assigned nowhere appears. So the assignment itself is not specified plainly.

7. The 6th ground of the motion is that the court erred in the charge that, " If the plaintiff was not in the use of ordinary care and diligence while walking along said street in the night-time, to avoid injury, he cannot recover." There is more trouble in this charge, and hints to the same effect elsewhere, than in anything else in the case.   There is no sufficient assignment of anything looking that way except in this ground.   Standing by itself, it is not as clearly the law as it should be.   Doubtless the learned judge meant that, if he was not in ordinary care by which he could have avoided the injury; and elsewhere he does so charge, laying down the law with perfect accuracy, where he says that though the plaintiff was negligent and contributed to the injury thereby, yet unless his contributory negligence caused the injury, he could recover; and further, that if by ordinary care he could have avoided the consequence of the city's negligence, then he cannot recover.   Inasmuch as the judge certifies these grounds of the motion as corrected and read in the light of the entire charge, and as elsewhere he draws the distinction between contributory negligence and that which actually caused the injury, or that want of care which merely contributed to his injury and that which, had he exercised it, would have saved him from all injury, we conclude to concur in his conclusion to overrule this 6th ground.

Had we been satisfied that the plaintiff in error was free from the effects of liquor on his brain, and hence his prudence that night in his traveling in the dark rapidly over an unknown sidewalk, ahead of all his companions, in the venture on which they were intent, though it seems they were more familiar than himself with the sidewalk, and that he could not have avoided the consequences by ordinary care and diligence had he been cool and self-possessed, we should probably have granted a new hearing on the 6th ground, because it is a paragraph of the

charge to itself, and is not sufficiently guarded and might have misled. Our view of the law is that to prevent his recovery, he must have been not only lacking in ordinary care and diligence to avoid injury, but that by that ordinary care and diligence, had he used them, he could have avoided the injury. The way of the transgressor is hard, and frequent drunkenness, and the calaboose as its consequences, are calculated to make character for rashness and imprudence which tell disastrously upon the future of life, and with other disasters sometimes causes the loss of a lawsuit.

Judgment affirmed.