6590.   TIFT v. THE STATE.

RUSSELL, C. J.   1.   Assault and battery may be committed by striking another with an automobile intentionally, or by driving the machine so recklessly as to justify a jury in finding that there was a reckless disregard of human life and safety.   *Dennard* v. *State*, 14 *Ga. App.* 485 (81 S. E. 378).   And see *Gallery* v. *State*, 92 *Ga.* 464 (2) (17 S. E. 863); *Collier* v. *State*, 39 *Ga.* 31, 34.   The same is true where, under like circumstances, the automobile is driven against another vehicle in which persons are riding, whereby the collision occasions bruises, blows, and similar physical injuries to persons in the vehicle so struck.   State v. Campbell, 82 Conn. 671 (135 Am. St. R. 293, 74 Atl. 927, 18 A. & E. Ann. Cas. 236); State v. Goetz, 83 Conn. 437 (30 L. R. A., N. S., 458, 76 Atl. 1000); State v. Lewis, 4 Pennewill (Del.), 332; People v. Scanlan, 132 App. Div. (N. Y.) 528 (117 N. Y. Supp. 57); Wharton, Crim. L. (11th ed.), §§ 478, 479.
2.   Where the State's testimony tended to show a case of assault and battery, through the reckless driving of an automobile, it was not error to charge the jury that "A crime or misdemeanor shall consist in the violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence." Penal Code, § 31.
3.   Nor in such a case was it error for the court to charge the jury as follows: "Every person is presumed to intend the natural and necessary consequence of his acts."
4.   Nor was it error in such a case for the court to charge the jury as follows: "Persons traveling in automobiles or buggies have the lawful right to use a public highway, but in so doing they should not, without lawful justification or excuse, intentionally, wantonly, or recklessly drive their vehicle against that of another person, to the injury of such other person."
5.   Nor in such a case was it error to charge the jury that, "If the defendant did not intentionally cause said machine to run against said buggy, but at the time of such collision . . was intentionally handling said machine in such a wanton or reckless manner, or intentionally driving said machine at a rate of speed so high and reckless as to render said machine obviously dangerous to other travelers upon such highway, and, as a result, the said machine ran against said buggy, thereby inflicting such personal injuries, the defendant would be guilty of assault and battery;" especially where the court also, in the same context, charged the jury that "if the defendant did not intentionally run said machine against said buggy, and at the time the collision occurred defendant was not intentionally driving said car in such a wanton or reckless manner or at so high rate of speed as to render said machine obviously dangerous to others traveling said highway, whereby the collision occurred, and such collision was not caused by any evil design, intention, or culpable neglect on the part of said Tift, then such collision would be attributable to misfortune or accident, and said Tift would not be guilty of any offense."

6. When there is a lack of either actual or legally imputable intention to do a certain act, there may be an absence of criminal responsibility, and the act be attributable to misfortune or accident. *Carbo* v. *State*, 4 *Ga. App.* 583 (2, 3) (62 S. E. 140); *Wolfe* v. *State*, 121 *Ga.* 587 (49 S. E. 688). But criminal negligence may sometime be a sufficient substitute for deliberate intention in the commission of crime. *Dennard* v. *State*, supra. Since it would be for a jury to say whether the act of one who knew he was subject to occasional sudden attacks of vertigo or like malady, which rendered him wholly unable to steer an automobile or to control its movements, in undertaking to drive such an automobile at a high rate of speed along a public highway, was such a disregard of probable consequences as amounted, under the circumstances in proof, to criminal negligence as to one who was injured by the defendant's inability to steer his machine, it was not error for the court to charge, in connection with other instructions given the jury, "If, however, you find, beyond a reasonable doubt, that at the time of said collision and injuries the defendant was subject to frequent attacks of vertigo or similar afflictions which, when they came on, necessarily rendered him powerless to control a moving automobile that he might at the time be driving, and that, with full knowledge that he was subject to such attacks and of the effect of such attacks, defendant was intentionally running said automobile at a rate of speed so high as to obviously make said machine dangerous to others traveling in vehicles upon said highway, and while thus running said car defendant suffered a customary attack of such malady, which rendered him powerless to control said car, whereby said collision occurred, resulting in such injuries, the collision would not be attributable to misfortune or accident, but defendant would be guilty of the offense of an assault and battery."

7. The evidence authorized the finding of the jury, and there was no error in overruling the motion for a new trial.      *Judgment affirmed.*

DECIDED FEBRUARY 18, 1916.

Indictment for assault and battery; from Pulaski superior court —Judge Graham. April 21, 1915.

*Fulwood & Skeen, H. E. Coates,* for plaintiff in error.

*W. A. Wooten, solicitor-general, H. F. Lawson,* contra.