## 36673. GRANNEMANN *v.* SALLEY.

Decided April 30, 1957—Rehearing denied May 20, 1957.

*Albert J. Henderson, Jr., Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for plaintiff in error.

*Vernon W. Duncan, Scott S. Edwards, Jr.,* contra.

Nichols, J. ■ Special ground 4 of the amended motion for new trial complains that the trial court erred in sustaining an objection to testimony being elicited from the plaintiff on cross-examination with reference to his driving habits, and special ground 5 complains of a judgment of the trial court sustaining an objection to testimony which sought to impeach the testimony of the plaintiff with reference to his driving habits, which testimony had been disallowed under the ruling complained of in special ground 4.

The defendant relies on the case of Atkinson *v.* Atchison, Topeka & Santa Fe Ry. Co., 197 Fed. 2d 244, to support his contention that this evidence was erroneously excluded from the jury's consideration. In that case the plaintiff, on *direct* examination testified that she was always a careful driver, and on cross-examination she restated that she was always a careful driver, and then on further cross-examination the trial court permitted the defendant to cross-examine her with reference to another wreck in which she was involved so as to tend to impeach her testimony on direct examination with reference to her careful driving habits.

In the present case. the defendant sought to have the plaintiff testify on cross-examination about his careful driving habits and then to use this testimony to impeach him, therefore this case is distinguishable from the case of Atkinson *v.* Atchison, Topeka & Santa Fe Ry. Co., supra, relied on by the defendant.

The testimony which the defendant sought to bring out on cross-examination with reference to the plaintiff's driving habits and his reputation as a driver of a motor scooter and whether he considered himself a careful driver was inadmissible as was the testimony which the defendant sought to elicit from his own witness with reference to the plaintiff's driving habits on other occasions. As was said in *Healan* v. *Powell,* 91 *Ga. App.* 787, 790 (87 S. E. 2d 332), "In actions arising out of automobile collisions, the issue is the negligence or non-negligence of the operator at the time and place of the event, and each such transaction is to be ascertained by its own circumstances and not by the reputation or character of the parties. *Cox* v. *Norris,* 70 *Ga. App.* 580 (28 S. E. 2d 888) ; Code § 38-202."

Although the defendant was entitled to present proper evidence to impeach the testimony of the plaintiff, to allow the defendant to cross-examine the plaintiff, over proper objection, about his reputation and then to permit the defendant to introduce evidence, over proper objection, to impeach such irrelevant and immaterial testimony would be to nullify the long established rule of practice shown above that negligence cases arising from automobile collisions are tried only on the negligence or non-negligence of the operators at the time and place involved in the controversy.

■ Special ground 6 complains that the trial court erred in failing to charge the following requested charge: "Gentlemen of the jury, I charge you that the law of Georgia provides that no vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction when approaching within one hundred feet of or traversing any intersection. I further charge you that if you find that the plaintiff in this case, Richard M. Salley, was passing the defendant's vehicle within one hundred feet of the intersection of South Roswell Road and Dogwood Drive, or while traversing said intersection, then you would be required to find him guilty of negligence per se." In this connection the court did charge as follows: "I further charge you, Gentlemen, that no vehicle shall be driven to the left side of the center of roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and free of oncoming traffic for sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. No vehicle shall at any time be driven to the left side of the roadway under the following conditions: 1. When approaching another vehicle within such distance as to create a hazard. 2. When approaching within one hundred feet of or traversing any intersection."

The defendant relies on that line of cases exemplified by *Johnson* v. *Roberson*, 88 *Ga. App.* 548, 554 (77 S. E. 2d 232), wherein it was said, quoting from *Alexander* v. *Holmes*, 85 *Ga. App.* 124, 128 (68 S. E. 2d 242): "Where a request to charge deals in a direct way with a material issue of the case, and a timely written request is made, the party has a right to the benefit of the charge as requested, and the refusal of such request is error."

The request to charge in the present case first correctly states the law that forbids one motor vehicle from being driven to the left of the center line in order to pass another motor vehicle while approaching within 100 feet of an intersection (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 583; Code, Ann. Supp., § 68-1637), but then the request to charge seeks to charge the plaintiff with

negligence per se if he was passing the defendant within 100 feet of the intersection regardless of which side of the center line the plaintiff was on. Whether the jury would be authorized to find that the plaintiff was negligent in passing the defendant within one hundred feet of the intersection if he was on the right of the center line need not be decided here for he would only be guilty of negligence per se if he was passing the defendant on the defendant's left and on the left of the center line of the roadway. The request to charge was not correct as an abstract principle of law and the trial court did not err in refusing to charge the jury such request.

■ Special ground 7 complains that the trial court erred in charging all of Subparagraph (b) of Section 66 of the Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess. pp. 556, 586; Code, Ann. Supp., § 68-1644 (b)). The defendant contends that the following excerpt from such section was inapplicable and prejudicial, "and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered." The complaint is that the collision took place before the defendant had completed his left turn and that therefore the charge was inapplicable.

As was said in *Smith* v. *Payne*, 85 *Ga. App.* 693 (6) (70 S. E. 2d 163): "Where the court gives in charge an entire Code section, a part of which is inapplicable to the issues, this is not ground for reversal unless it appears that the inapplicable portion thereof was calculated to mislead or erroneously affect the jury in its rendition of the verdict." The excerpt complained of could not have been prejudicial inasmuch as the court was stating a principle of law in the abstract, applicable to any and everyone and not just the defendant. Accordingly, this ground of the motion for new trial is without merit.

■ The evidence presented on the trial was in sharp conflict, and it cannot be said that there was not some evidence to support the verdict of the jury for the plaintiff. Where there is any evidence to support the verdict of a jury approved by the trial court this court is without authority to reverse the judgment of the trial court denying the motion for new trial on the usual general grounds.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*