38561. JACKSON, Next Friend v. CO-OP CAB COMPANY, INC., *et al.*

38562. WHEELER, Next Friend v. CO-OP CAB COMPANY, INC., *et al.*

39563. LYDICK, Next Friend v. CO-OP CAB COMPANY, INC., *et al.*

38564. LYDICK, Next Friend v. CO-OP CAB COMPANY, INC., *et al.*

DECIDED NOVEMBER 15, 1960.

*Guy B. Scott, Jr.*, for plaintiffs in error.

*Erwin, Birchmore & Epting, Eugene A. Epting, Nikolas P. Chilivis*, contra.

TOWNSEND, Presiding Judge. ■ ■ Special demurrers 4 and 5 attack the allegations of the petition that Dye was allowed to operate the taxicab, the defendants having knowledge that he was subject to spells of dizziness and unconsciousness, and with knowledge that Dye was not a safe driver but was subject to periods of blackouts and dizziness and was suffering from high blood pressure, on the grounds that such allegations are mere conclusions, unsupported by the facts alleged, which show only that he had been so subject about three years previously. "An allegation as to the knowledge of the defendant of a certain state of facts is not demurrable as a conclusion." *Georgia Power Co. v. Blum*, 80 Ga. App. 618 (3a) (57 S. E. 2d 18). Of course, if the facts alleged show that the defendants did not have such knowledge, the rule would not apply because, as to contrary averments, an adverse construction would be required. No such facts, however, are alleged here. *Code* § 37-116 provides that ignorance of a fact due to negligence shall be held equivalent to knowledge. "A condition or fact once shown to exist is presumed to continue until a change in such status is shown." *Roberts v. Hill*, 81 Ga. App. 185 (2) (58 S. E. 2d 465). Conditions such as dizziness and loss of consciousness, when due to arterial disease, do not fall within that class of temporary illness the continuance of which will not be presumed. It follows that, once the defendants had knowledge that the diagnosis of the physician showed the operator was sub-

ject to recurring loss of consciousness which rendered it dangerous for him to drive, it is a matter for defense that he might have recovered from such condition in the three-year period preceding this collision, and mere failure of the defendants to ascertain whether or not he had made such recovery would fall under the head of "negligent ignorance" which would be insufficient to relieve them from liability for the unfortunate consequences following upon such a seizure while the defendant was operating the taxicab. These demurrers were erroneously sustained.

■ Regarding the general demurrer, it follows from what has been said that the petition alleges facts from which a duty on the part of the defendants arose to anticipate that the operator of the taxicab might be an unsafe driver because he was subject to recurring attacks of loss of consciousness. It has been said many times that an automobile is a dangerous instrument and one capable of inflicting injury and death when not under proper control, and loss of the ability to perceive, reason and respond on the part of the driver is one of the most serious failures which can occur in the operation of a motor vehicle. If the defendant is on notice of facts sufficient to cause a reasonable man to anticipate that such failure might occur during the course of driving, he is as much at fault as though he drove knowingly with a defective tire which might blow out, or brakes which might at any moment of emergency fail him. While sudden loss of consciousness by itself may come within the definition of an "act of God" under *Code* § 102-103, yet "an act of God means a casualty which is not only not due to human agency but is one which is in no wise contributed to by human agency, and . . . an act which may be prevented by the exercise of ordinary care is not an act of God." *Central Ga. Membership Corp. v. Heath*, 60 Ga. App. 649, 652 (4 S. E. 2d 700). This operator, within the knowledge of both defendants, is alleged to have continued driving in the face of a medical diagnosis that such action would be dangerous, and also to have continued driving for long hours without intermission in the face of a warning that such conduct might result in the very consequences which are here alleged. This being so, the petition al-

leges facts from which a duty on the part of the defendant to anticipate the consequences of such action is set forth, thus characterizing the conduct as actionable negligence. It was error to sustain the general demurrer and ground 7 of the special demurrers which raises the same question.

■ Each petition seeks a sum of money damage for pain and suffering, and also alleges that the plaintiff "has suffered permanent diminution of earning capacity of at least 25% and is entitled to recover the sum of $15,000 because of the said diminution of earning capacity." Special ground 3 attacking the allegation as a conclusion should have been sustained because no facts are alleged, such as the plaintiff's earnings before the injury and his physical or other disability thereafter, upon which damages for loss of earning capacity could be predicated. Nothing in *Jones v. Hutchins*, 101 Ga. App. 141, 148 (113 S. E. 2d 475) gives a plaintiff a right to damages for loss of ability to work and labor as a part of pain and suffering and *additional* damages for loss of earning capacity. It was there held that "there is only one *compensation* for permanent injury as related to ability to labor, earning capacity or future lost earnings, but that one compensation in the majority of cases involves all three elements, and the elements are arrived at in a different manner because of the exigencies of the case." To authorize a recovery based on loss of earning capacity facts must be proved from which such loss can be reasonably inferred. *Lanier v. O'Bear*, 101 Ga. App. 667 (5) (115 S. E. 2d 110). It follows that a mere allegation that the plaintiff's earning capacity had decreased, where no facts are shown in the petition sufficient to authorize this conclusion, is objectionable. Special ground 2 accordingly was properly sustained.

■ Exemplary damages under *Code* § 105-2002 are awarded where there are aggravating circumstances in the commission of the tort, to deter the wrongdoer from repeating the trespass. Such circumstances must be sufficient to show wilful misconduct, malice, fraud, oppression, or entire want of care evidencing conscious indifference to consequences. *Western Union Tel. Co. v. Nix*, 73 Ga. App. 184 (36 S. E. 2d 111). In *Tift v. State*, 17 Ga. App. 663 (6) (88 S. E. 41) it was held not error to charge

that one who knowingly operated an automobile while subject to frequent attacks of vertigo at a rate of speed which would render it dangerous to others, might be guilty of assault and battery as a result of a collision during such an attack, because "it would be for a jury to say whether the act of one who knew he was subject to occasional sudden attacks of vertigo or like malady, which rendered him wholly unable to steer an automobile or to control its movements, in undertaking to drive such an automobile at a high rate of speed along a public highway, was such a disregard of probable consequences as amounted, under the circumstances in proof, to criminal negligence as to one who was injured by the defendant's inability to steer his machine." If such operation of a motor vehicle poses a jury question as to criminal negligence, it undoubtedly does the same on the issue of whether the conduct shows such conscious indifference to consequences as to authorize exemplary damages in a civil action. Special ground 3 of demurrer was erroneously sustained.

■ It was not error to sustain special ground 6, which complained that no facts were set out to show wherein it constituted negligence on the part of the defendant to operate the taxicab at a rate of speed greater than 30 miles per hour at the time and place in question.

■ The plaintiffs in error also excepted to the judgment of the trial court overruling the general demurrers to the answer. This assignment of error appears to have been waived, as it is not specifically argued in the brief of counsel. In any event, the answers are sufficient and the trial court did not err in overruling these demurrers.

The trial court erred in sustaining the general demurrer and certain special demurrers to each of the petitions.

*Judgments reversed in part. Carlisle, Frankum and Jordan, JJ., concur.*