## 52052. HULSEY et al. v. SEARS, ROEBUCK & COMPANY.

CLARK, Judge.

This case presents two novel issues: one is factual; the other is procedural.

The fact situation is unique in that one of two motorists injured in a collision of automobiles in a store parking lot sued only the owner of the realty on the basis that the proximate cause was the landowner's negligence in designing and maintaining a parking area for its customers. Appellant's approach is to analogize this situation to be one which should be resolved on the basis of products liability law.

The procedural item is presented by the appellee. It is

urged that this court interpret the Appellate Procedure Act of 1965 to hold that an appellant who files a new trial motion should not be permitted to enumerate errors which were not made a part of that motion in the court below.

We will refer to the parties in the positions which they possessed in the trial court. Plaintiffs were a minor son and his father. They sued Sears, Roebuck & Co. for damages arising out of a collision between the father's automobile being driven by the son and another vehicle. The incident occurred while the son was attempting to locate a vacant space in the Sears Roebuck parking area. The operator of the other car is not a party to this suit. The omission is on the theory that both drivers were in the exercise of ordinary care and that the negligence which was alleged to be the proximate cause was chargeable to the defendant. This assertion is stated thusly in appellant's brief: "Appellant brought this action on the grounds that the design and maintenance of the parking lot were such as to give rise to circumstances by which the vision of drivers entering intersections of the parking lanes and circulation roads of said parking lot was obstructed by other cars. Appellant maintains that the proximate cause of the accident was the failure to provide proper unobstructed vision for drivers entering said intersections."

The jury's verdict was for the defendant. This appeal is by plaintiff from the judgment denying a motion for new trial. *Held:*

1. We reject defendant's assertion that in instances where a motion for new trial is filed an appellant should be limited on appeal to the issues presented in such motion. Here the new trial motion was limited to the general grounds. When our appellate procedure was modernized, Section 2 of the 1965 statute which is § 6-702 of the Annotated Code[1] expressly stated that "a motion for

---

[1]Bench and bar should observe that the editorial note under this section in the Annotated Code in Book 3, p. 152, which explains the ruling of *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281) is no longer applicable. This is because of the changes made in 1972 by Rule 14 (e) of both of our

new trial need not be filed as a condition precedent to appeal or consideration of any judgment, ruling or order in any case, but in all cases where motion for new trial is an available remedy the party entitled thereto may elect to file the motion first, or appeal directly . . ." Clearly, an appellant is entitled to argue all enumerations of error which are properly raised in addition to the matters contained in the new trial motion.

There is no validity to appellants' argument that such ruling permits "sandbagging" of the trial judge because of the verbiage in the last sentence of § 16 of the statute (Code Ann. § 70-301). Therein, the trial judge is empowered on his own volition to correct any error subsequently recognized as to rulings during the trial as well as to exercise his discretion as to the weight of the evidence and grant a new trial on his own motion within 30 days from entry of the judgment. See Leverett, The Appellate Procedure Act of 1965, 1 Ga. S. B. J. 451, 458. This right to grant a new trial ex mero motu did not exist prior to the Appellate Procedure Act of 1965. *McDonald v. Wimpy,* 203 Ga. 498, 500 (46 SE2d 906). The judge here was cognizant of this power as shown by his comment to such effect during the trial when he ruled adversely to plaintiffs on the point discussed in the next division of this opinion.

Moreover, the record here shows that plaintiffs argued by written brief the same points presented in this appeal; therefore, the trial judge was not "bushwhacked."

2. Plaintiffs sought to introduce studies of six other parking lots in the Atlanta metropolitan area. The testimony including photographs was to be presented by a traffic engineer. In the capacity of an expert witness he had already given his testimony in support of the plaintiffs' contention that the design of the parking lot was such that he categorized it as "a dangerous design." (T. 274). The trial judge ruled that the proffered evidence as to other parking lots was not admissible for the purposes offered. This ruling was correct.

---

appellate courts. See *Contractors Management Corp. v. McDowell-Kelley, Inc.,* 136 Ga. App. 116 (1) (220 SE2d 473) and cits.

"Evidence of conditions at places other than the one in question is not admissible to show whether a condition at the place in question is dangerous, in the absence of other facts and circumstances establishing relevancy." *Underwood v. Atlanta & W. P. R. Co.,* 105 Ga. App. 340 (5) (124 SE2d 758). There was no evidence as to similarity of conditions between the Sears Roebuck parking lot and those submitted for comparison. Furthermore, "What is customary or usual for property owners to do in the construction of their buildings in one part of a city is not material or relevant evidence in determining the duty of a property owner in a different part of the city." *City of Atlanta v. Sciple,* 19 Ga. App. 694 (6) (92 SE 28). See also *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871, 876 (52 SE2d 485).

3. In connection with the proffer of evidence as to the six other parking lots, plaintiffs stated: "In addition to that, we have researched the records of DeKalb and Cobb County, Fulton County and dozens of other copies of records and we have prepared a review of the number of accidents in a specific period." (T. 528). Plaintiffs aver that the court erred in ruling this data inadmissible.

"It is the general rule that in a suit for personal injuries the defendant's negligence can not be shown by evidence of similar acts or omissions on other and different occasions." *Butler v. Central of Ga. R. Co.,* 41 Ga. App. 115 (5) (151 SE 834). In accord are *Bazemore v. Powell,* 54 Ga. App. 444, 455 (188 SE 282); *Smith v. The Morning News,* 99 Ga. App. 547, 551 (3) (109 SE2d 639). But, plaintiffs assert that principle does not apply here because the instant case is based upon negligence in design. Their excellent brief states the law correctly: "The established law of Georgia is that evidence of similar accidents may be received to show the following: (1) that the condition of the place or machine was dangerous, *Augusta v. Hafers,* 61 Ga. 48 (3) (1878); *Georgia Cotton Oil Co. v. Jackson,* 112 Ga. 620 (4) (1901); *Hendricks v. Southern Railway Co.,* 123 Ga. 342 (3) (1905) and (2) that the Appellee had knowledge of the defect or dangerous condition. *City of Dublin v. Howell,* 68 Ga. App. 463 (1942); *Flint Explosive Co. v. Edwards,* 84 Ga. App. 376 (3) (1951). *Hogg v. First National Bank,* 82 Ga. App. 861 (b)

(62 SE2d 634) (1950), held that in an action for injuries sustained by Appellant when he fell on bank's floor, the trial court properly admitted Appellee's witnesses to testify that other people had walked on the same portion of floor while the floor was in the same condition and had not fallen. Also, Georgia cases have held that the absence of other accidents is considered relevant. *Higgins v. Cherokee Railroad,* 73 Ga. 149 (4) (1884)."

Nevertheless, we rule that the trial court was correct in excluding this evidence because the record does not show that the other accidents were the result of negligence in design or maintenance. Those other occurrences might have been caused by negligence of motorists and there was no showing that the other events resulted from negligence in design or maintenance of the parking areas.

4. Under the facts of this case we find no error in the court's refusal to charge plaintiff's three requests relating to the law as to concurrent cause. The basis of plaintiff's cause of action was that the defendant landowner's negligence in the design and maintenance of the parking lot constituted the proximate cause. The court charged correctly as to the law on proximate cause and on the other matters in issue in this case. Injection of the principle of concurrent cause might well have created confusion in the minds of the jurors since the other motorist was not a party to this suit and the plaintiffs contended there was no negligence on the part of the drivers of the two automobiles.

5. As plaintiffs have not argued their enumeration of error dealing with the denial of their motion for new trial, this enumeration must be treated as abandoned under our court's Rule 18 (c) (2) (Code Ann. § 24-3618 (c) (2)).

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED APRIL 5, 1976 — DECIDED MAY 4, 1976.

*Joel M. Merren, Lawrence A. Cooper, Lawrence P. Martino,* for appellants.

*N. Forrest Montet,* for appellee.