## 57531. GUNTHORPE et al. v. DANIELS.

CARLEY, Judge.

Interlocutory appeal was granted pursuant to Code Ann. § 6-701 (a) 2 to review a pre-trial order prohibiting the plaintiff in this malpractice suit from introducing any evidence as to orthodontic treatment rendered by the defendant to patients other than herself. It is urged on appeal that this order is so broad as to exclude evidence otherwise admissible as an exception to the "other transactions" rule. We agree and reverse.

1. Since the "duties and responsibilities of a dentist to his patient are controlled by the same rules of law as control the duties and responsibilities of a physician and surgeon," the malpractice issue involved here must be decided pursuant to Code Ann. § 84-924. *Wilson v. Kornegay,* 108 Ga. App. 318, 319 (1) (132 SE2d 791) (1963). In such actions, "the presumption is that the medical or surgical services were performed in an ordinarily skilful manner, and the burden is on the one receiving the services to show a want of due care, skill and diligence. [Cits.] And in such a case the proof ordinarily required to overcome such presumption of care, skill and diligence is that given by physicians or surgeons as expert witnesses. [Cits.]" *Shea v. Phillips,* 213 Ga. 269, 271 (2) (98 SE2d 552) (1957).

As a general rule in all negligence actions, evidence of similar acts or omissions is not admissible. Code Ann. § 38-202; *Bazemore v. Powell,* 54 Ga. App. 444, 445 (188 SE 282) (1936); *Williams v. Slusser,* 104 Ga. App. 412, 414 (5) (121 SE2d 796) (1961). However, "[i]f proof of a similar accident or similar method of acting tends to prove some fact of the case on trial, the testimony falls within an exception — such as to show knowledge of a defect (*City of Dublin v. Howell,* 68 Ga. App. 463 (23 SE2d 177)), or causation (*Gilmer v. City of Atlanta,* 77 Ga. 688, 690) or to rebut a contention that it was impossible for the accident to happen in the manner claimed (*Hogg v. First Nat. Bank,* 82 Ga. App. 861 (6) (62 SE2d 634))." *Flowers v. Slash Pine Elec. &c. Corp.,* 122 Ga. App. 254, 255 (3) (176 SE2d 542) (1970). Independent testimony of other transactions has also been admitted to show the prior existence of a

dangerous condition (*Wright v. Dilbeck,* 122 Ga. App. 214, 216 (4) (176 SE2d 715) (1970)) or hazardous situation (*Medi-Clean Services v. Hill,* 144 Ga. App. 389, 393 (4) (5) (241 SE2d 290) (1977)).

We do not intend to indicate that the decisions cited are inclusive of all exceptions to the "other transactions" rule and, since this case has not been tried, we do not have before us the specific evidence of what "other transactions" the plaintiff may wish to offer. We do hold that insofar as the order appealed from would prohibit the introduction of properly offered evidence of "other transactions" which would otherwise be admissible as an exception to the rule, it was erroneous. We leave to the parties the trial of this case and to the trial judge the determination of whether the proffered evidence comes within any exception to the "other transactions" rule.

2. Moreover, since this is a malpractice case, should Dr. Daniels, on direct examination, testify, "as the defendant in a malpractice case did in *Richards v. Harpe,* 42 Ga. App. 123 (1) (155 SE 85), that he had never had similar difficulty before or since, the statement is subject to contradiction by cross examination concerning similar cases in which similar treatment was followed by similar unfortunate results." *Johnson v. Myers,* 118 Ga. App. 773, 775 (1) (165 SE2d 739) (1968). Therefore, insofar as the order appealed from would prohibit, if such event occurs, the cross examination of Dr. Daniels, it is also erroneous.

3. The existence of a claim for punitive damages is an added factor. To authorize recovery of additional damages under Code Ann. § 105-2002 "there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000) (1903); *Gunter v. Logue,* 138 Ga. App. 868, 869 (3) (227 SE2d 773) (1976). On this issue, pleadings and evidence to the effect that the defendant knew from previous experience that the alleged negligence on his part would probably result in injury to the plaintiff, because he knew that such carelessness on his part in the

past had resulted in similar injuries to others but continued in this course of conduct in utter indifference to the consequences, are admissible on the question of malice or wanton misconduct, but not on the question of whether the act itself was negligent. *Flint Explosive Co. v. Edwards,* 84 Ga. App. 376, 390 (3) (66 SE2d 368) (1951); see also *Hulsey v. Sears, Roebuck & Co.,* 138 Ga. App. 523, 526 (3) (226 SE2d 791) (1976).

The case of *Cherry v. McCall,* 23 Ga. 193 (1857), cited by defendant as precluding imposition of punitive damages under the facts of this case is distinguishable factually and the trial procedure followed therein is inconsistent with the tactical position already adopted by the defendant in this case. In *Cherry,* the defendant, who was sued civilly for assault and battery, introduced on his own behalf the record of his prior conviction and fine for the crime of assault and battery based upon the same incident. The Supreme Court held simply that the trial court erroneously charged that the jury could not consider in mitigation of exemplary damages the fact that Cherry had been convicted and fined in a prior criminal case involving the same conduct.

In the case sub judice, the Georgia Board of Dentistry entered an order containing findings of fact with regard to what the board determined to be negligent treatment of several teenage girls by Dr. Daniels. The order suspended Dr. Daniels from practicing dentistry in Georgia for six months and provided that thereafter Dr. Daniels be permanently prohibited from practicing orthodontia. In the same pre-trial order which is the subject of this appeal, the trial court held that "plaintiff may not introduce evidence respecting action taken by the State Dental Board as a result of a disciplinary proceeding involving the defendant." Plaintiff did not appeal from this portion of the pre-trial order.

Evidently defendant seeks to equate the disciplinary action of the State Dental Board in this case with the assault and battery conviction and fine in *Cherry*. The argument is not persuasive for several reasons: First, we are cited to no authority holding the action of a professional disciplinary board to be equivalent to a conviction for violation of the criminal laws of this state.

Also, the State Dental Board's order was based upon the defendant's treatment of five other patients in addition to plaintiff. Finally, the defendant in this case has successfully obtained an unappealed trial court order excluding from evidence all aspects of the action of the State Dental Board. Thus the plaintiff cannot and the defendant will not introduce the State Dental Board findings into evidence in this case. Therefore, unlike the jury in *Cherry,* the trier of fact in this case will not be able to decide to withhold the award of punitive damages solely because of what it deems to be sufficient prior punishment of the defendant since there will be no evidence of such prior punishment.

For the reasons stated above, the trial court erroneously ruled out introduction of all evidence of orthodontic treatment rendered by Dr. Daniels to teenage girls other than the plaintiff.

*Judgment reversed. Banke, Acting P. J., and Underwood, J., concur.*

ARGUED APRIL 9, 1979 — DECIDED MAY 8, 1979 —
REHEARING DENIED MAY 29, 1979 —

*William L. Skinner,* for appellants.
*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, John H. Stanford, Jr., Rosa Beatty Lord,* for appellee.