### 69232. THOMPSON v. MOORE.
(329 SE2d 914)

BIRDSONG, Presiding Judge.

We granted interlocutory appeal to determine an issue of first impression in this state, viz., whether, in an action for damages arising from an auto accident in which the cause is alleged to be driving while intoxicated, evidence is admissible, on the issue of punitive damages, that the defendant had plead guilty to the offense of driving while intoxicated twice before the subject accident and twice after. We hold that such evidence of incidents prior to the subject accident is admissible to show "wilful misconduct, malice . . . wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences" and to authorize punitive damages. *Ga.-Car. Brick &c. Co. v. Brown*, 153 Ga. App. 747, 749 (2) (266 SE2d 531).

1. It is well settled that in a negligence action, the general character of the parties, and especially their conduct in other transactions, are irrelevant matter. OCGA § 24-2-2. "The fundamental principle is that evidence must be relevant to the facts in issue in the case on trial and tend to prove or disprove such facts; evidence of collateral or other facts which is incapable of affording any reasonable presumption or inference as to a principal fact or matter in dispute, or evidence which is too remote, is irrelevant and inadmissible. Accordingly, as a general rule, the commission of an act cannot be proved by showing the commission of similar acts by the same person or his agents or employees at other times and under other circumstances, unless the acts are connected in some special way, indicating a relevancy beyond mere similarity as to some particulars." 29 AmJur2d, Evidence, § 298.

"In actions for damages for injuries sustained in an automobile accident alleged to have been caused by the negligence of the defendant, the issue before the court is the negligence or non-negligence of the defendant at the time and place of the accident. 45 CJ 1246, § 809. And each transaction must be ascertained by its own circumstances, and not by the reputation or character of the parties. 20 AmJur 300, § 319. It is a general rule that in a suit for negligence, evidence of similar acts or omissions on other and different occasions is not admissible. *Hollomon v. Hopson*, 45 Ga. App. 762, 765 (8) (166 SE 45).'" *Wright v. Dilbeck*, 122 Ga. App. 214 (4), 217 (176 SE2d 715); see *Williams v. Naidu*, 168 Ga. App. 539, 540 (309 SE2d 686). See *Grannemann v. Salley*, 95 Ga. App. 778, 779 (99 SE2d 338). Gen-

erally, proof of the defendant's prior driving record, or of his general character for carelessness or recklessness, is impermissible. *Willis v. Hill*, 116 Ga. App. 848, 862 (159 SE2d 145).

Three cases bear directly upon the issue in this case. In *Flint Explosive Co. v. Edwards*, 84 Ga. App. 376, 389-390 (3) (66 SE2d 368), we held that "[s]imilar acts or omissions on other and different occasions are not generally admissible to prove like acts or omissions at a different time and place [cits.]," but we held further, " '[w]hen motive, malice, or intent is involved, evidence may be admissible which is not so under an issue of simple negligence,' " citing *Southern R. Co. v. Davis*, 132 Ga. 812, 819 (65 SE 131). Directly upon the question of wantonness as illustrated by acts showing a reckless indifference to consequences, the *Flint Explosive Co.* opinion allowed evidence of other negligent occurrences which the appellants knew from previous experience had resulted in injuries similar to the appellee's and which proved that "in utter indifference to consequences" appellants continued on a course of conduct which experience had taught them could only result in disaster for the purchaser. "[S]uch a reckless indifference to consequences *known* to them would be admissible on the question of malice or wanton misconduct, but it would *not* be admissible on the question of whether the act itself was negligent, or whether that negligence was the proximate cause of the injury." *Flint Explosive Co.*, supra, p. 390.

In *Gunthorpe v. Daniels*, 150 Ga. App. 113 (257 SE2d 199), the plaintiff sought to prove, relative to punitive damages, that the defendant had performed orthodontic services on persons other than the plaintiff which services had resulted in similar injuries to those persons. We held that "pleadings and evidence to the effect that the defendant knew from previous experience that the alleged negligence on his part would probably result in injury to the plaintiff, because he knew that such carelessness on his part in the past had resulted in similar injuries to others but continued in this course of conduct in utter indifference to the consequences, are admissible on the question of malice or wanton misconduct, but not on the question of whether the act itself was negligent. *Flint Explosive Co. v. Edwards*, [supra]; see also *Hulsey v. Sears, Roebuck & Co.*, 138 Ga. App. 523, 526 (3) (226 SE2d 791)." Id. pp. 114-115.

In *Skil Corp. v. Lugsdin*, 168 Ga. App. 754, 755 (309 SE2d 921), we held that evidence that the defendant had received 48 complaints of the machine defect which had injured the plaintiff was admissible as being relevant to the issue of punitive damages. "Where it was alleged that with reckless indifference to the consequences, appellant failed to perform its duty to avoid the threatened injury, evidence that appellant knew from complaints of similar incidents that the probable consequence of a certain defect would be to inflict injury

was relevant to the question of malice or wanton misconduct. See *Gunthorpe*, [supra]. . . . See also *Jackson v. Co-op Cab Co.*, 102 Ga. App. 688 (3) (117 SE2d 627)."

In this case, the trial court, having first allowed evidence of appellant's guilty pleas, then sua sponte declared a mistrial on the basis that the evidence was inadmissible and patently prejudicial. The *Gunthorpe* case was studied by the trial court, but rejected as authority to admit the evidence because *Gunthorpe* involved evidence of prior negligent acts resulting in actual injuries. To the same effect is *Flint Explosive Co.*, supra. But the *Skil Corp.* case admitted evidence of complaints of a defect, not known injuries, and we think the gist of *Gunthorpe* and *Flint Explosive Co.* is the defendant's prior knowledge of a dangerous condition likely to result in injuries, (not necessarily knowledge of an actual injury) and the defendant's repetition or continuation of such dangerous act with conscious indifference or disregard of the consequences.

A case in point is *Jackson v. Co-Op Cab Co*, supra, p. 693 (3), where it was held that it was for the jury to decide whether a driver who was subject to spells of dizziness and unconsciousness, "in undertaking to drive . . . an automobile at a high rate of speed along a public highway, was [in] such a disregard of probable consequences" (*Tift v. State*, 17 Ga. App. 663 (6) (88 SE 41)) as to authorize exemplary damages in a civil action. The ground in that case was negligent entrustment as in *Willis*, supra, but we see no reason why the same evidence should not be admissible on the issue of the driver's own wilful and wanton conduct. In fact there is every reason to conclude that the driver is more likely to be aware of his own incompetence than a respondeat superior. We can think of no circumstance more wilful and wanton, more indicative of a conscious indifference to consequences, than repeated occurrences of driving while intoxicated. The fact that no injuries had previously occurred is largely irrelevant; the question for the jury would be whether in this particular case the appellee, having plead guilty to two instances of driving while intoxicated, acted in conscious disregard of consequences by again driving while intoxicated.

A plea of guilty is admissible as an admission against interest. *Akin v. Randolph Motors*, 95 Ga. App. 841, 848 (99 SE2d 358). In this case, appellant's two prior pleas of guilty for driving under the influence stand as evidence of other occurrences relevant to punitive damages. The only reason to exclude the evidence would be the danger of prejudice, but in the balance of things, its relevance to the question of wilful and wanton behavior outweighs any prejudice, where the jury is fully cautioned that the evidence goes only to the question of wilful and wanton behavior and conscious disregard of consequences, and not to the question of negligence in the particular incident on trial.

See *Enright v. City of Atlanta*, 78 Ga. 288; *Gunthorpe*, supra, p. 115.

Accordingly, it was not error to permit evidence of the first two of appellee's guilty pleas, and the trial court erred in granting a mistrial on that account.

We think the two subsequent guilty pleas are less indicative of wilful and wanton behavior in this accident than they are prejudicial. The trial court did not err in granting mistrial as to the admission of these two guilty pleas.

2. The remaining issue raised on appeal is not one concerning error against the appellant and is not properly before this court.

*Judgment reversed. Banke, C. J., Deen, P. J., McMurray, P. J., Carley, Sognier, Pope, and Benham JJ., concur. Deen, P. J., and Beasley, J., concur specially.*

BEASLEY, Judge, concurring specially.

I agree but would allow also the evidence of the two subsequent guilty pleas of drunk driving in May and August following the incident which occurred in January.

Plaintiff sought exemplary damages, as provided by OCGA § 51-12-5 when "there are aggravating circumstances, in either the act or the intention," in order "to deter the wrongdoer from repeating the trespass." Relating to the issue of intention, what was in defendant's mind, there must be evidence to show the state of mind described in the majority's quote from *Ga.-Car. Brick &c. Co. v. Brown*, 153 Ga. App. 747 (266 SE2d 531). The contents of a person's mind, of course, is often very difficult to ascertain and must be deduced from external manifestations.

Is not evidence of two subsequent convictions for DUI shortly thereafter relevant to whether, as to this occasion, defendant's state of mind was "that entire want of care which would raise the presumption of a conscious indifference to consequences?"

Here, defendant's behavior *in response to* the incident in issue, in which he struck a jogger and shattered his leg, was to keep driving drunk. The fact that he kept doing the thing which caused crippling injury to someone tends to show his callousness and the degree of his indifference on this occasion, as opposed to the mind-set of concern which a reaction of remorse and regret would show.

These two subsequent incidents, particularly when they were so close in time as to occur when the terrible incident in question was still fresh on his mind and so should not have receded into the fuzzy and self-forgiving past, point to an utterly irresponsible attitude in the governing of the behavior which caused these injuries. It corroborates the inference of an irresponsible attitude based on his past behavior, with respect to the incident in question.

In fact, the two subsequent incidents may be even stronger evi-

dence of his entire want of care on the date in question than the previous two, because this incident was the first time he hurt somebody. It was the first time, "the consequences" of his chronic drunken driving were, in reality and not just in theory, injuries to another human being. The prior two incidents did not include this dreadful aspect and so would have left him in that "it'll never happen to me" state of denial and non-belief in the probability that he would hurt someone. The consequences of the first two incidents were not very dire at all. That, apparently, was much of the reason he continued to drive drunk. That is, he failed to realize or believe or accept, or was indifferent to, the potential consequences of his drunken driving.

But when he *did* harm someone, and *still* kept driving drunk repeatedly thereafter, it demonstrates his conscious indifference to the *actual* consequences of his drunken driving and sheds light on the intention existing when this tort occurred. Is it not relevant to know what he *did* about his habit? What could better indicate the element of "entire want of care" in the premises than evidence of how defendant governed himself after he saw and had full knowledge, and time for reflection about, the consequences of his actions.

In *Ga.-Car. Brick &c. Co.*, supra, the evidence of what the tortfeasor did and said after the initial tort was committed demonstrated the "aggravating circumstances" by way of "repeated representations."[1]

In addition, since the amount of exemplary damages is left to the enlightened conscience of the jury, *Curl v. First Fed. Savings &c. Assn.*, 243 Ga. 842 (257 SE2d 264) (1979), and is to be fixed in an amount necessary to deter future acts, *Smith v. Milikin*, 247 Ga. 369 (276 SE2d 35) (1981), it would seem most relevant for the jury to know how defendant treated this incident. If his attention and conscience were not sufficiently captured by the results of his behavior on January 13 so as to change that behavior in May and August, that fact would enlighten the jury in its determination of an adequate amount to do just that.

I would hold that the latter two incidents are admissible as relevant. A person's reaction to his behavior and its results tends, it seems to me, to show his bent of mind towards that behavior. And that is what is at issue with regard to the exemplary damages pleaded for here, not to compensate the victim but expressly to govern the future behavior of the wrongdoer.

I am authorized to state that Presiding Judge Deen joins in this

---

[1] Several foreign cases would allow subsequent occurrences to show malice, ill will, or intention. *Kornec v. Mike Horse Mining & Milling Co.*, 180 P2d 252, 258 (Mont. 1947); *Tranchina v. Arcinas*, 178 P2d 65, 67 (Cal. 1947); *Wilkerson v. Randall*, 180 S2d 303, 306 (Miss. 1965); *Boyd v. Johnston*, 52 A2d 497, 498 (DC 1947).

special concurrence.

DECIDED MARCH 12, 1985 —
REHEARING DENIED MARCH 29, 1985 —

*James E. Butler, Jr., B. Randall Blackwood, Robert D. Cheeley,* for appellant.

*William D. Temple, William D. Strickland,* for appellee.