**Eileen S. KNOBELOCH, Plaintiff,**

v.

**Lisa H. MUSTASCIO, Defendant.**

**Civ. A. No. C84–1071A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

July 7, 1986.

Taylor W. Jones, Atlanta, Ga., for plaintiff.

William Lewis Spearman, Kenneth F. Dunham, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This matter is before the Court on defendant's motion for judgment notwithstanding the verdict ("JNOV") and for new trial. The jury returned a verdict for plaintiff, who sustained permanent injuries in an auto accident caused by defendant. At the time of the accident, defendant was driving with a blood alcohol content of .23%, much above the .10% level at which Georgia law presumes a driver to be intoxicated. *See* O.C.G.A. § 40–6–391. The jury awarded plaintiff $45,000 in general damages, $10,000 in loss of future earnings, and $20,000 in attorney's fees.

Defendant offers three grounds in support of the motion: (1) that driving while intoxicated does not constitute "bad faith" for purposes of awarding litigation expenses, including attorney's fees, under O.C.G.A. § 13–6–11; (2) that the Court improperly charged the jury on loss of future earnings; and (3) that the costs sought by plaintiff include an amount already included in the attorney's fee award. The Court will deny the motion on all three grounds.

Georgia law allows a jury to award litigation expenses if the plaintiff has specially pleaded that defendant acted in "bad faith." O.C.G.A. § 13–6–11. "Bad faith" in a tort action means bad faith in the transaction out of which the cause of action arose. *Atlanta Journal Co. v. Doyal*, 82 Ga.App. 321, 336, 60 S.E.2d 802 (1950); *see also Vickers v. Motte*, 109 Ga.App. 615, 619–20, 137 S.E.2d 77 (1964). The jury found that defendant acted in bad faith by

driving with a .23% blood alcohol content and, therefore, awarded plaintiff $20,000.00 in attorney's fees under O.C.G.A. § 13–6–11.

Apparently, no other courts applying Georgia law have decided whether driving while intoxicated may constitute "bad faith" under O.C.G.A. § 13–6–11. Consequently, the Court must consider how the Georgia courts have interpreted that provision in other contexts so that the Court may determine how the Georgia Supreme Court would likely decide that question if it were presented to it today. *First National Life Insurance Co. v. Fidelity Deposit Co. of Maryland*, 525 F.2d 966, 968 (5th Cir.1976).

■ As a general principle, failure to comply with a public law made for the benefit of the opposing party is indicative of bad faith. *Pickett v. Georgia, Alabama & Florida Railroad Co.*, 98 Ga.App. 709, 712, 106 S.E.2d 285 (1958). In this case, defendant violated O.C.G.A. § 40–6–391 by driving while intoxicated, and plaintiff can be considered part of the class of persons that this statute was intended to protect. The analysis does not end here, however, because violation of a public law is only *indicative* of bad faith.

The parties agree that there is no precise definition of "bad faith" in the cases interpreting O.C.G.A. § 13–6–11. Defendant argues that these cases construe "bad faith" as requiring an element of scienter, such as a wilful or intentional violation of another's rights, that was not present in this case. *See, e.g., Speir v. Williams*, 146 Ga.App. 880, 881, 247 S.E.2d 549 (1978) (wilful conduct); *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 190, 232 S.E.2d 62 (1977) (intentional conduct).

■ The Court, however, finds that defendant's conduct might properly be characterized as "wilful." To find "wilfulness," it is not necessary to find that defendant intended the consequences of her actions. Under Georgia law,

a reckless and wanton disregard of consequences, evincing a willingness to inflict injury or produce death, may amount to wilfulness, although there is no direct proof of actual intention to inflict the injury or produce the death. *Carr v. John J. Woodside Storage Co.*, 217 Ga. 438, 443, 123 S.E.2d 261 (1961); *see also Southern Railway Co. v. Davis*, 132 Ga. 812, 818, 65 S.E. 131 (1909). In this case, defendant's driving with a blood alcohol content of .23%—more than twice the legal limit—might be deemed such a "reckless and wanton disregard of consequences" to amount to "wilfulness." Accordingly, the jury was entitled to find that defendant acted in "bad faith" under O.C.G.A. § 13–6–11.

This conclusion finds support in *Thompson v. Moore*, 174 Ga.App. 331, 329 S.E.2d 914 (1985), an action for damages arising from an auto accident allegedly caused by defendant's driving while intoxicated. In *Thompson*, the Georgia Court of Appeals found that prior incidents of drunk driving are admissible to show " 'wilful misconduct, malice ... wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences' and to authorize punitive damages." *Id.* at 331, 329 S.E.2d 914 (quoting *Georgia-Carolina Brick & Tile Co. v. Brown*, 153 Ga.App. 747, 749, 266 S.E.2d 531 (1980)). *Thompson* thus undermines defendant's argument that driving while intoxicated cannot constitute "wilfulness."

The Court's interpretation of "wilfulness" is also consistent with the meaning of that term in Georgia law of worker's compensation. At least one court has held that injury due to intoxication, by definition, is injury due to wilful misconduct. *Reynolds v. Georgia Insurance Co.*, 149 Ga.App. 162, 163, 253 S.E.2d 839 (1979).

Courts of several other states have held that a jury can consider driving while intoxicated to be "wilful" behavior. In Pennsylvania and Ohio, drunk driving can be deemed "outrageous conduct" and "reckless indifference" allowing a jury to award punitive damages. *Focht v. Rabada*, 217

Pa.Super. 35, 40, 268 A.2d 157 (1970); *see also Richards v. Office Products Co.*, 55 Ohio App.2d 143, 380 N.E.2d 725 (1975). In California, driving while intoxicated provides a sufficient basis to submit the issue of wilful misconduct to the jury. *See Pelletti v. Membrila*, 234 Cal.App.2d 606, 611, 44 Cal.Rptr. 588 (1965).

In sum, because driving while intoxicated may constitute "wilful" misconduct and, therefore, "bad faith" under O.C.G.A. § 13-6-11, the jury's award of attorney's fees was not improper.

The Court also rejects defendant's second ground for JNOV, that the jury was improperly charged on loss of future earnings. The Court charged that defendant's conduct must have been a "proximate or legal cause of damage." The Court limited damages to actual loss and cautioned that they not be based on speculation. The Court finds the jury had ample documentation of plaintiff's loss of future income. Unlike *Groover v. Dickey*, 173 Ga.App. 73, 325 S.E.2d 617 (1984), a case cited by defendant, plaintiff offered uncontested evidence of future employment commitments with guaranteed weekly salaries. Plaintiff is entitled to these future earnings as compensatory damages. *See Mote v. Tomlin*, 136 Ga.App. 616, 618, 222 S.E.2d 57 (1975).

Finally, the Court rejects defendant's third ground for JNOV, that the Court has taxed costs against defendant that were already included in the jury's award of attorney's fees. The jury heard testimony that attorney's fees were based on a 40% contingency fee and did not include litigation costs. Because the jury returned a verdict for $20,000.00 in "attorney's fees," it may reasonably be concluded that the jury did not include costs in this award. Consequently, the Court finds that there is no basis for JNOV.

Accordingly, the Court DENIES defendant's motion for judgment notwithstanding the verdict and for new trial.