62249. WASHINGTON et al. v. COMBUSTION ENGINEERING, INC.

QUILLIAN, Chief Judge.

This is an appeal from a summary judgment.

Washington was employed by Ken Thelen, Inc. (Thelen) on a project of erecting a steel concrete storage silo. Washington died from a fall on the project and his survivors were awarded workers' compensation benefits. Combustion Engineering, Inc. (Combustion) was the parent corporation of Thelen. Washington's survivors brought this action against Combustion alleging that Combustion negligently failed to provide safety services to Thelen and its

employees, thereby causing Washington's death. The trial court granted Combustion's motion for summary judgment. *Held:*

Pretermitting any issue of whether Combustion is immune from suit by Washington because it is the parent corporation of Washington's employer Thelen, which is immune from suit, we find that Combustion owed no legal duty to Washington upon which a cause of action could be based.

The evidence is uncontroverted that Combustion did provide management services to Thelen and safety services in the form of consulting, informational, statistical, accident investigation, and reporting services. On three occasions prior to the incident in question Combustion had conducted safety inspections on other Thelen sites or projects at Thelen's request, but had not been requested to, undertaken to, or performed any such inspections or any other safety services for the project on which Washington was fatally injured.

For the existence of a duty on the part of Combustion towards Thelen and its employee Washington, appellants rely on the law established in Georgia by *Sims v. American Cas. Co.,* 131 Ga. App. 461 (3) (206 SE2d 121), where it was held that a complaint alleging a gratuitous negligent course of conduct by an insurer in performing safety inspections of an insured employer and reliance thereon resulting in injury to an employee was sufficient to state a cause of action. *Sims* was applied in *Pa. &c. Ins. Co. v. Thomas Milling Co.,* 137 Ga. App. 430 (2) (224 SE2d 55) and *American Mut. &c. Ins. Co. v. Jones,* 157 Ga. App. 722 (278 SE2d 410).

These cases, however, are factually distinguishable as they rest on alleged courses of conduct (inspections) negligently done, whereas in the instant case the evidence is that no inspections or other safety services were requested, undertaken or performed by Combustion on the Thelen project on which Washington was employed. *Sims* is also noteworthy in that in the analysis determining that there was a cause of action, Ulwelling v. Crown Coach Corp., 206 Cal. App. 2d 96 (23 Cal. Rptr. 631) (1962), a case in which no inspections were performed, was specifically distinguished.

Appellants also cite Tucker v. Union Oil Co., 100 Ida. 590 (603 P2d 156) (1979) as establishing such a duty. That case is also distinguishable because the duty to provide management services was admitted by the defendant and the issue in the case was whether there was any proximate cause for the injury.

In point is *St. Paul Fire &c. Ins. Co. v. Davidson,* 148 Ga. App. 82 (251 SE2d 32), where the defendant insurer gratuitously inspected the vehicles on the premises of the insurer employer of the deceased employee. The employer did not request that all of its vehicles be

inspected, and the vehicle in which the employee died was not present or inspected. We recognized the rule of the *Sims* and *Pa. &c. Ins. Co.* cases, but refused to find that a duty arose to inspect all of the vehicles. "As no other vehicles were ever inspected by appellant and the contract of insurance imposed no requirement of inspection, the evidence totally fails to support appellee's contention that appellant had a duty to inspect all of [the employer's] vehicles." Id. at 84.

Likewise, in this case, appellee's evidence has affirmatively contradicted appellant's allegations that Combustion owed any duty to Washington to conduct safety inspections or provide safety services to Thelen on the project employing Washington.

If a defendant does not owe a plaintiff any legal duty which the defendant has neglected to perform, no action can be maintained against the defendant for negligence. "Actionable negligence does not exist in the absence of the breach of some legal duty." *Holcombe v. Harris,* 143 Ga. App. 173 (6) (237 SE2d 677).

Accordingly, the trial court did not err in granting summary judgment.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1981.

*David L. Harrison,* for appellants.
*Jonathan H. Waller, Hugh M. Worsham, Jr., David A. Handley,* for appellee.