### 73594. DAVENPORT v. KUTNER.
(356 SE2d 67)

McMURRAY, Presiding Judge.

Plaintiff Davenport brought this action against defendant Kutner for damages alleging fraud, deceit and misrepresentation in that defendant induced her to submit to unnecessary eye surgery. Plaintiff further alleged that defendant misrepresented the condition of her eye before the surgery. A jury trial was conducted and a verdict was returned in favor of defendant. Plaintiff now appeals. *Held*:

1. In her first and second enumerations of error plaintiff contends the trial court erred in prohibiting her from introducing evidence of similar transactions committed by defendant. In this regard, the trial court did not allow plaintiff to cross-examine defendant and introduce documents concerning a disciplinary action initiated against defendant by the Composite State Board of Medical Examiners (Composite State Board) wherein defendant was charged, among other things, with performing unnecessary surgeries and entering false information upon a surgical report. (The Composite State Board concluded the disciplinary proceeding by entering a "Consent Order" wherein defendant denied all of the malignant allegations; but, "in the interest of resolving this matter, . . ." defendant submitted to

disciplinary sanctions and monitoring by the Composite State Board.)

At the outset, we must address defendant's contention that this evidence was properly excluded based on OCGA § 31-7-143. This Code section "provides that '[t]he proceedings and records of medical review committees shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee; and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof.' ' "(T)he purpose for the enactment of Code Ann. § 88-3204 [OCGA § 31-7-143] is to foster the delivery of quality medical services by preserving the candor necessary for the effective functioning of hospital medical review committees." [Cit.] The statute legislatively approves the view that "(c)onstructive professional criticism cannot occur in an atmosphere of apprehension that one doctor's suggestion will be used as a denunciation of a colleague's conduct in a malpractice suit." [Cit.] "It embraces the goal of medical staff candor at the cost of impairing plaintiffs' access to evidence." [Cit.]' *Hollowell v. Jove*, 247 Ga. 678, 680 (279 SE2d 430) (1981)." *Poulnott v. Surgical Assoc.*, 179 Ga. App. 138 (2), 139 (345 SE2d 639). In the case sub judice, plaintiff argues the evidence adduced as a result of the disciplinary proceeding against defendant is not subject to the exclusionary rule of OCGA § 31-7-143 because the Composite State Board is not a "medical review committee" as contemplated in the statute.

" 'Medical review committee' is defined in OCGA § 31-7-140 (Code Ann. § 88-3201) as 'a committee of a state or local professional society or of a medical staff or a licensed hospital, nursing home, medical foundation, or peer review committee, provided the medical staff operates pursuant to written bylaws that have been approved by the governing board of the hospital or nursing home, which committee is formed to evaluate and improve the quality of health care rendered by providers of health service or to determine that health services rendered were professionally indicated or were performed in compliance with the applicable standard of care or that the cost of health care rendered was considered reasonable by the providers of professional health services in the area.' Thus, in order for the information generated or maintained by a committee exercising review functions to be subject to the provisions of OCGA § 31-7-140 et seq., the committee must meet the qualifications set forth in OCGA § 31-7-140. *Hollowell*, supra at 683." *Poulnott v. Surgical Assoc.*, 179 Ga. App. 138, 139-140 (2), supra. From our reading of this statute, we find

that the Composite State Board does not meet the requirements of OCGA § 31-7-140 inasmuch as it does not fall within the class of "medical review committees" intended to be protected by OCGA § 31-7-143. "The rationale for such statute is apparently to afford *hospitals and similar institutions rendering medical care* to examine, in the first instance, the propriety of procedures used within their institutions . . ." (Emphasis supplied.) *Scott v. McDonald*, 70 FRD 568, 573 (N.D. Ga. 1976). See *Eubanks v. Ferrier*, 245 Ga. 763, 765 (3) (267 SE2d 230). With this view in mind, we find the term "medical review committee" to mean a "grass roots" committee formed to make in-house examinations of the adequacy of the treatment afforded its patients. The Composite State Board is not such an "in-house" committee, formed only to regulate a narrowly defined segment of the medical community. It is an administrative body formed by legislative action for the protection of public health by regulating the practice of medicine and osteopathy throughout the State. OCGA § 43-34-21 (d). From this perspective, we find that the goal of promoting candor among the staff of medical care facilities and members of medical professional societies would not be accomplished by applying the exclusionary rule of OCGA § 31-7-143 to the Composite State Board. Consequently, the evidence sought to be introduced by plaintiff in the case sub judice should not have been excluded from evidence at trial based upon the exclusionary rule of OCGA § 31-7-143. See OCGA § 31-7-133.

We turn now to plaintiff's contention that evidence of the disciplinary proceeding was relevant to show defendant's fraudulent intent and "evil purpose" in persuading her to submit to the alleged unnecessary surgery. "Evidence of similar transactions is admissible to show fraudulent intent or motives. *Deckner-Willingham Lumber Co. v. Turner*, 171 Ga. 240 (155 SE 1); *Wyatt v. State*, 16 Ga. App. 817 (81 SE 802)." *Grainger v. Jackson*, 122 Ga. App. 123 (3), 128 (176 SE2d 279). See *Ballard v. Turner*, 147 Ga. App. 584, 585 (2) (249 SE2d 637). In the case sub judice, since plaintiff contends defendant fraudulently induced her to submit to unnecessary surgery and misstated her medical condition in her medical records before the surgery, evidence of similar acts by defendant should have been allowed as it related to defendant's propensity to perform unnecessary surgeries and his intent in recommending surgery to plaintiff. However, in passing on the admissibility of similar transaction evidence, the trial court must determine whether the act on another and different occasion relates to the issue before the jury. See *Johnson v. Myers*, 118 Ga. App. 773, 774 (1) (165 SE2d 739). In the case sub judice, the issue before the jury related to the intentional tort of fraud and deceit, not to the negligent performance of a surgical procedure. Consequently, after reviewing the materials contained in the records of the

Composite State Board's disciplinary action against defendant, we find that the evidence concerning defendant's false operative reports after surgery and the evidence relating to the excessive surgeries performed by defendant to be admissible. This evidence relates to defendant's propensity to perform such surgeries and his intent in persuading plaintiff to submit to surgery. However, we find the evidence concerning defendant's negligent post-operative treatment of other patients to be irrelevant. See *Gunthorpe v. Daniels*, 150 Ga. App. 113 (257 SE2d 199). Further, we find the information contained in the "Consent Order," concerning the details of defendant's disciplinary punishment, to bear little, if any, significance on defendant's propensity to commit fraud by recommending unnecessary surgery. Consequently, the trial court did not err in excluding the "Consent Order" from evidence. However, since the trial court precluded plaintiff from examining defendant concerning other relevant similar transactions, and since this evidence was likely to bear on the outcome of the jury's verdict, the trial court erred in failing to grant plaintiff's motion for new trial in this regard.

2. Other errors alleged in plaintiff's remaining enumerations of error, if harmful at all, are unlikely to occur upon retrial.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED MARCH 17, 1987 —
REHEARING DENIED APRIL 1, 1987 —

*Olin Rambo*, for appellant.
*Sidney F. Wheeler, Stephen H. Sparwath*, for appellee.