## 44595. KUTNER v. DAVENPORT
### (360 SE2d 586)

HUNT, Justice.

We granted certiorari in this medical malpractice case to determine the admissibility of certain evidence regarding prior charges of malpractice against the defendant.[1] The trial court excluded the evidence and entered judgment on the jury's verdict in favor of Dr. Kutner. The Court of Appeals reversed. *Davenport v. Kutner,* 182 Ga. App. 467 (356 SE2d 67) (1987). We agree with the trial court and reverse the judgment of the Court of Appeals.

The evidence in question consists of two notices from the Com-

---

[1] Davenport's complaint charged fraudulent inducement to submit to unnecessary surgery, rather than negligent care.

posite State Board of Medical Examiners (the Board) to the defendant, each notifying him that in the care of a patient he had been charged with conduct which constituted grounds for sanctions including the suspension or revocation of his license to practice medicine, and notifying him of the hearings on those charges. At trial, the plaintiff sought to introduce the notices into evidence as prior conduct similar to that alleged in this case, and to cross-examine the defendant about the charges contained in the notices.

Three issues are involved in determining the admissibility of the notices at issue: First, whether the Board is a "medical review committee" within the meaning of OCGA § 31-7-140 so that the notices are inadmissible under OCGA § 31-7-143; second, whether the notices are records of the investigations of the Board, and are therefore inadmissible under OCGA § 43-34-37 (d); and, finally, whether the notices are admissible as evidence of conduct by the defendant similar to that alleged in this case. We do not disagree with the holding of the Court of Appeals that the Board is not a "medical review committee" within the meaning of OCGA § 31-7-140. However, we do not reach the question of whether the notices are part of the investigative records of the Board because, even if they are not (as argued by the plaintiff and the Board in its amicus brief), the notices were properly excluded.

As noted by the Court of Appeals, evidence of similar transactions is admissible, under certain circumstances, to show fraudulent intent or motive. Here, however, the notices sought to be admitted were not *evidence* of similar transactions, but merely charges against the defendant. The trial court did not err by excluding the notices and prohibiting the plaintiff from cross-examining the defendant about them. See *Johnson v. Myers*, 118 Ga. App. 773, 775 (1) (165 SE2d 739) (1968); *Waters v. State*, 82 Ga. App. 608, 610 (1) (61 SE2d 794) (1950); see also Federal Rule of Evidence 104(b)[2].

*Judgment reversed and remanded for consideration of issues not reached. All the Justices concur, except Weltner, J., not participating.*

DECIDED OCTOBER 1, 1987.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Stephen H. Sparwath,* for appellant.

---

[2] Federal Rule of Evidence 104 (b) states: "*Relevancy conditioned on fact.* When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."