## 73594. DAVENPORT v. KUTNER.
### (366 SE2d 813)

McMurray, Presiding Judge.

Our judgment in *Davenport v. Kutner*, 182 Ga. App. 467 (356 SE2d 67), has been reversed by the Supreme Court of Georgia on certiorari in *Kutner v. Davenport*, 257 Ga. 456 (360 SE2d 586), and has been remanded to this court for consideration of issues not reached. In accordance with the opinion of the Supreme Court, our prior judgment is hereby vacated and the judgment of the Supreme Court is made our own. We now consider those issues not reached by this court in *Davenport v. Kutner*, 182 Ga. App. 467, supra. *Held:*

1. Plaintiff's first and second enumerations of error are controlled by the Supreme Court's decision in *Kutner v. Davenport*, 257 Ga. 456, supra.

2. In her third enumeration of error, plaintiff contends the trial court erred in failing to remove a prospective juror for cause after the juror responded affirmatively on voir dire that the juror's past employment relationship with defendant would "affect [the juror's] ability to serve and fairly try a case that's proceeding against [defendant]." However, the record indicates that plaintiff made no objection to the juror's qualifications.

"The acceptance of the juror with knowledge of any alleged disqualification was a waiver of such disqualification. *Bitting v. State*, 165 Ga. 55, 82 (139 SE 877); *Anthony v. State*, 112 Ga. App. 444 (1) (145 SE2d 657)." *Brown v. Holland*, 228 Ga. 628, 629 (2) (187 SE2d 246). This enumeration of error is without merit.

3. Next, plaintiff contends that the trial court erroneously prevented her attorney from asking the following question on voir dire: "Does anyone have any scruples against, or qualms about, awarding a very large amount of money if justified under the evidence?"

While questions to prospective jurors seeking to pledge jurors to a specific verdict are improper, questions seeking to probe jurors' minds, in an abstract sense, with respect to their present convictions concerning the amount of a potential verdict are appropriate to qualify them as to any preconceived prejudice against awarding large sums of money to a prevailing party. *Atlanta Joint Terminals v. Knight*, 98 Ga. App. 482 (4), 487, 490 (106 SE2d 417). Although the question asserted by plaintiff's counsel on voir dire was appropriate, the jury's verdict in favor of defendant as to liability indicates no harm to plaintiff as the issue of damages was not considered by the jury.

4. In her fifth enumeration of error, plaintiff contends the trial court erred in denying her motion for mistrial after the court prohibited her attorney from asking a compound and repetitive question on voir dire. "Motions for a mistrial are largely in the discretion of the trial judge and will not be disturbed unless manifestly abused. *Barrow v. State*, 235 Ga. 635 (8) (221 SE2d 416) (1975); *McCorquodale v. State*, 233 Ga. 369 (12) (211 SE2d 577) (1974); *Roberts v. State*, 242 Ga. 634, 636 (250 SE2d 482) (1978)." *Bullock v. Bullock*, 244 Ga. 538 (1), 540 (261 SE2d 331).

An examination of the record in the case sub judice reveals that plaintiff's attorney asked the prospective jurors on voir dire a compound question which included inquiry in an area of juror qualification already covered by the trial court. The trial court sua sponte directed plaintiff's counsel to refrain from asking compound questions and limit his voir dire to areas not already covered by the trial court. Plaintiff's attorney objected, moved for a mistrial and requested the trial judge to disqualify himself. Under these circumstances, we find no manifest abuse of discretion by the trial court in overruling plaintiff's motion for mistrial.

5. Plaintiff's sixth enumeration of error relates to the denial of her second motion for mistrial raised during voir dire. In this regard, plaintiff contends that a mistrial was demanded because the trial court displayed "hostility toward [her] attorney to a degree that discredited and unfairly prejudiced [her] in the eyes of the [jury] panel . . ." We find no support for this contention. The trial court properly denied plaintiff's motion for mistrial. *Bullock v. Bullock*, 244 Ga. 538, 539 (1), supra.

6. In her seventh and eighth enumerations of error, plaintiff contends the trial court erred in denying her motion for new trial based on arguments asserted in her preceding enumerations of error. These enumerations of error are without merit for the reasons stated above.

*Judgment affirmed. Carley and Pope, JJ., concur. Carley, J., also concurs specially.*

CARLEY, Judge, concurring specially.

I concur fully in the majority opinion and all that is said therein. However, with regard to Divisions 4 and 5, I want to point out that even had appellant's contentions as to error during the voir dire proceedings been viable, a motion for mistrial would not have been a proper procedural vehicle. " 'The time for making a motion for mistrial is not ripe until the case has begun, and the trial does not begin until the jury has been impaneled and sworn. . . . A motion for postponement of the case until new jurors who had not heard the question asked were selected would have been the proper motion here. [Cit.] Since the motion for mistrial was made before the jury was *impan-*

*eled and sworn,* the trial court did not err in overruling it.' [Cit.]" (Emphasis supplied.) *Mize v. State,* 173 Ga. App. 368 (326 SE2d 785) (1985).

DECIDED MARCH 2, 1988.

*Olin Rambo,* for appellant.
*Sidney F. Wheeler, Stephen H. Sparwath,* for appellee.