A96A1755. COCOZZELLI v. ANDREWS HOMES, INC.
(479 SE2d 391)

Judge Harold R. Banke.

After Frank Cocozzelli became dissatisfied with the house Andrews Homes, Inc. ("Andrews") was building for him, he sued for breach of contract, fraud, negligence, intentional infliction of emotional distress, and a violation of the Fair Business Practices Act ("FBPA"). The breach of contract claim asserted in the complaint and amended complaint alleged no specific breach other than Andrews' unilateral refusal to complete construction. The relief sought under this claim was specific performance or, alternatively, damages. In

addition, at trial the court and the parties treated Cocozzelli's allegation that Andrews agreed to construct the garage with only one door but framed the house for two as a breach of contract claim. *Mazur v. Food Giant*, 183 Ga. App. 453, 454 (2) (359 SE2d 178) (1987) (pleadings may be deemed amended to conform to evidence). Andrews counterclaimed, alleging Cocozzelli breached the contract by ordering construction to cease.

The court, acting as the trier of fact on the suitability of specific performance, found the contract was too indefinite to enforce as to the garage door, in part because there had been no meeting of the minds on the type of door to be used. The court also found that Cocozzelli unilaterally ordered Andrews to halt construction, which he had no right to do under the contract. Based upon these conclusions, the court dismissed Cocozzelli's contract claims.

The trial court directed a verdict on Cocozzelli's claims for fraud, emotional distress, and an intentional violation of the FBPA. The jury rendered a defendant's verdict on the remaining claims and awarded Andrews $28,000 on its counterclaim. *Held*:

1. The record refutes Cocozzelli's claim that the trial court committed reversible error by prematurely requiring him to elect the remedies of either specific performance or damages on the contract claims. Andrews moved in limine to require Cocozzelli to elect a remedy, arguing that such a decision was necessary because the jury would find the facts on a claim for damages, while the court would decide the specific performance issue. The court, after listening to the parties' argument, stated, "I think that we are in agreement then that a remedy had been made pursuant to the defendant's motion and also by law that they have elected to pursue their remedy of specific performance." The record shows that Cocozzelli simply acquiesced to this finding. Further, he stated later in the trial "[i]t was my understanding that specific performance would be the correct remedy as opposed to damages." Litigants may not submit to a ruling and then complain of the same on appeal. *Wright v. State*, 220 Ga. App. 233, 235 (5) (469 SE2d 381) (1996).[1]

2. Cocozzelli argues that the trial court committed reversible error by dismissing his breach of contract action, thereby violating his constitutional rights by preventing the jury from deciding the factual issue of whether Andrews breached the contract. We disagree.

Turning first to the garage door claim, we note that the contract at issue specifically stated that "[e]xcept for written modifications

---

[1] We observe that most of the contentions asserted in the argument section of Cocozzelli's brief are not supported with citations to the record. *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 733 (8) (389 SE2d 251) (1989) (it is not this Court's function to cull the record on behalf of a party); see Court of Appeals Rule 27 (c) (3) (i).

executed by both parties subsequent to the execution of this contract, the terms of the contract are limited to the provisions contained in this contract and the documents [herein] described. . . ." It is undisputed that the contract did not mention the type of garage door to be installed and no written modifications relating to the garage door were made. Thus, the garage door issue was susceptible to a directed verdict because as a matter of law Andrews could not breach a term in the contract which did not exist. OCGA § 9-11-50 (a). This fact prevents Cocozzelli from establishing the requisite harm essential for reversal. *Miller Grading Contractors v. Ga. Fed. Sav. &c.*, 247 Ga. 730, 734 (3) (279 SE2d 442) (1981).

We also reject Cocozzelli's contention that reversal is required because the jury did not decide his claim that Andrews breached the contract by refusing to complete the house. Andrews' counterclaim alleging that Cocozzelli breached the contract by ordering Andrews to cease construction and Cocozzelli's claim alleging that Andrews breached the contract by refusing to complete the house are mutually exclusive. The jury implicitly rejected Cocozzelli's claim by awarding Andrews $28,000 on the counterclaim. Thus, even if the trial court erred by deciding the issue, Cocozzelli's failure to show harm from the alleged error precludes reversal. Id.

3. The trial court did not commit reversible error by excluding four photographs of other homes Andrews built which purportedly exhibited poor quality construction. Cocozzelli sought to use the photographs to prove fraud and attack Andrews' claim of being a quality home builder. Before trial, the court granted Andrews' motion in limine seeking to exclude evidence of occurrences at other residences to prove the requisite elements of the case in chief.[2] However, it subsequently permitted Cocozzelli to cross-examine the project manager and Andrews' expert about the photographs for impeachment purposes. But later in the trial, after an offer of proof, it sustained Andrews' objection to their admission based upon Cocozzelli's inability to establish a foundation as to when the purported defects depicted in the photographs arose and who caused them, inasmuch as the houses had been completed months previously and were occupied. We cannot say the trial court abused its discretion in refusing to admit the photographs into evidence for lack of proper foundation. *Morris v. State Farm &c. Ins. Co.*, 203 Ga. App. 839, 842-843 (9) (418 SE2d 119) (1992); OCGA § 24-9-83.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

---

[2] The court bifurcated the trial on the issue of punitive damages and would have allowed this evidence had the jury found for Cocozzelli on the claims which permitted punitive damages.

DECIDED NOVEMBER 14, 1996.

*John R. Burdges*, for appellant.
*Huddleston & Medori, Kathryn M. Zickert, David O. Harris*, for appellee.