A02A0201. WOOD et al. v. D. G. JENKINS HOMES, INC.

(565 SE2d 886)

ANDREWS, Presiding Judge.

We granted Fred and Jacquelyn Wood's application for interlocutory appeal from the trial court's order prohibiting them from introducing similar acts evidence in their action against D. G. Jenkins Homes, Inc. (Jenkins) for trespass, negligent design, negligent construction, and punitive damages. Because we conclude the trial court abused its discretion in finding that the potential for undue prejudice and confusion outweighed the probative value of the evidence, we reverse.

This action arose when Jenkins built a house and crosstie wall for the Gosses (Goss house) on the lot adjacent to the Woods' property. The Woods claim that the crosstie wall encroached onto their property and also that the position of the house on the lot violates the side yard setback requirement for the subdivision.

The Woods sought to introduce evidence of other occasions in which Jenkins had violated setback requirements. This evidence consists of numerous requests for variances which Jenkins made after houses were already under construction. The trial court refused to allow the introduction of the evidence, finding: "[T]he potential for undue prejudice and confusion created by introduction of variances and/or citations issued to Defendant with regard to properties other than the Goss property substantially outweighs the probative value of said evidence." Observing that it intended to bifurcate the trial, the trial court ordered that if the jury finds Jenkins liable for punitive damages in the first phase of trial, it will allow the introduction of this evidence at the second phase in which the jury determines the amount of punitive damages to be awarded. The trial court reserved ruling on whether the evidence would be admissible for impeachment purposes. This appeal followed.

In suits for negligence,

> similar acts or omissions on other and different occasions are not generally admissible to prove like acts or omissions at a different time or place. Nevertheless, such evidence may under certain limited circumstances be admissible to establish, among other things, a course of conduct or bad faith.

Or, when the question of malice or wanton misconduct enters into play, such proof may then be permitted.

(Citations and punctuation omitted.) *First Bancorp Mtg. Corp. v. Giddens*, 251 Ga. App. 676, 678 (1) (555 SE2d 53) (2001).

> The general rule is that trial judges may exercise discretion in excluding relevant evidence if its probative value is substantially outweighed by the risk that its admission will confuse the issue, mislead the jury, or create substantial danger of undue prejudice. In making their decision, trial courts should consider the potential prejudice to the parties, the complexity of issues and the potential for jury confusion, and the relative convenience, economy, or delay that may result.

(Footnotes omitted.) *Webster v. Boyett*, 269 Ga. 191, 195 (1) (496 SE2d 459) (1998).

The Woods argue in the instant case that the trial court abused its discretion in its ruling because the evidence is admissible to show Jenkins's state of mind and intent at the time it built the Goss house and wall and to explain why the errors occurred. The Woods contend that Jenkins failed to follow the required procedures such as requesting a variance before construction because it anticipated a negative response given its several other setback violations during the same time frame and negative publicity in the local paper. The Woods also argue that the evidence of past violations is relevant to show Jenkins's conscious indifference to the consequences of constructing houses in violation of the setback provision and therefore is relevant in determining liability for punitive damages, not just the amount of any punitive damages awarded.[1]

In *Webster*, the Supreme Court recognized that "the extent of the defendant's wilful misconduct, wantonness, and entire want of care . . . could not be gauged solely from the incident in issue, but that evidence of other . . . incidents was relevant to the question of punitive damages." Id. at 192 (1). It noted, however, that the admission of such evidence during the liability phase of a bifurcated trial may deny the defendant a fair trial while its omission may deny the plaintiff a fair trial on the issue of liability for punitive damages. Id. at 194. In applying the above-stated rule to the case before it, a personal injury action in which the defendant was DUI, the court concluded that the trial court properly balanced the probative value of

---

[1] Under OCGA § 51-12-5.1, the first part of the bifurcated trial must include the issues of liability for both compensatory and punitive damages.

the defendant's prior DUI on the issue of punitive damages against its prejudicial effect on the issue of his liability and did not abuse its discretion in ruling the prior DUI inadmissible. Id. at 197. The Supreme Court observed that there was conflicting testimony on the issue of liability for the accident in question, that the defendant had no subsequent DUI convictions and just one prior conviction, and that his prior conviction had not caused injury. Id.

But, in *Gunthorpe v. Daniels*, 150 Ga. App. 113 (257 SE2d 199) (1979), the Court ruled that prior acts evidence was admissible to show that the defendant knew from previous experience that his alleged negligence would probably result in injury to the plaintiff, because he knew that such carelessness on his part in the past had resulted in similar injuries to others but continued in this course of conduct in utter indifference to the consequences. In that case, the Court reversed the exclusion of such prior acts evidence, finding it admissible on the issue of liability for punitive damages. Id. at 115.

This case appears to be more closely analogous to *Gunthorpe* than to *Webster*. As noted above in affirming the exclusion of the prior acts evidence in *Webster*, the Supreme Court observed that there was conflicting testimony on the issue of liability, the defendant had no subsequent DUI convictions and just one prior conviction, and his prior conviction had not caused injury. *Webster*, supra at 197. In the instant case, the facts are not in dispute, and this is not a case in which evidence of similar transactions would unduly influence the jury in deciding the negligence claim against Jenkins. The underlying facts on that issue are easily susceptible of proof at trial. Either Jenkins violated the side yard setback requirement when it built the Goss house or it did not. Either Jenkins requested a variance for any setback encroachments or it did not. As in *Gunthorpe*, the evidence is certainly relevant to the punitive damages claim. Moreover, the issues are not complex, and we do not believe that a jury would be confused by this evidence.

The cases argued by Jenkins in support of its contention that the evidence is inadmissible are not persuasive. In *Kutner v. Davenport*, 257 Ga. 456 (360 SE2d 586) (1987), the Supreme Court stated that the notices sought to be admitted were not evidence of similar transactions but, instead, charges against the defendant. Id. at 457. That is not the case here. Likewise, in *Cocozzelli v. Andrews Homes*, 223 Ga. App. 550 (479 SE2d 391) (1996), we held the trial court did not abuse its discretion in refusing to admit certain photographs because the plaintiff was unable to establish the proper foundation necessary for their admission. Id. at 552. Again, that does not apply in this case.

Therefore, because it appears that the evidence is not unduly prejudicial and is relevant to the issue of Jenkins's liability for puni-

tive damages, we conclude that the similar transaction evidence is admissible at trial. Accordingly, the trial court abused its discretion in granting Jenkins's motion in limine to exclude this evidence from the Woods' case-in-chief.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 30, 2002 —

*Peevy & Lancaster, Douglas N. Fox,* for appellants.
*Webb, Tanner & Powell, Robert J. Wilson,* for appellee.