A03A1120. D. G. JENKINS HOMES, INC. v. WOOD et al.
(582 SE2d 478)

ELDRIDGE, Judge.

Appellees-plaintiffs Fred Franklin Wood and Jacquelyn M. Wood brought this action for continuing trespass to realty, negligent design, negligent construction, OCGA § 13-6-11 attorney fees, and punitive damages against appellant-defendant D. G. Jenkins Homes,

Inc. ("Jenkins").[1] The action arose when Jenkins built a house and a railroad crosstie retaining wall for Tim and Gloria Goss on property immediately adjacent to the Woods.[2] The Woods averred that the retaining wall encroached upon their property and that the house violated the side yard setback requirement for the subdivision.

Upon first considering this case on interlocutory appeal, see *Wood v. D. G. Jenkins Homes, Inc.*, 255 Ga. App. 572 (565 SE2d 886) (2002), we reversed, concluding that the trial court abused its discretion in finding that the potential for undue prejudice and confusion outweighed the probative value of similar transaction evidence the Woods sought to introduce as to Jenkins's state of mind and intent when it built the offending house and retaining wall, not as probative merely of carelessness as a builder but as probative of knowing carelessness persisted in with utter indifference to the consequences. Id. at 573-574, citing *Gunthorpe v. Daniels*, 150 Ga. App. 113, 115 (257 SE2d 199) (1979).

Upon the trial of the case following the remittitur of our decision on interlocutory appeal, the jury returned a verdict for the Woods, awarding them $318,500 in compensatory and punitive damages[3] as well as $10,000 for attorney fees and expenses of litigation. Jenkins now appeals, contending that the state court erred in denying its motion for directed verdict as to the Woods' claims for negligent construction, negligent design, and negligent reconstruction of the retaining wall; erred in failing to admit certain applications for setback variance filed by a competing builder, defendant's Exhibits 2 and 3, this to rebut the Woods' similar transaction evidence of setback violation as to Jenkins; erred in entering judgment on damages, such damages as in excess of the relevant evidence; erred in entering judgment on the Woods' claims for attorney fees and punitive damages for want of a basis for recovery on the underlying claims; and erred in entering judgment as to punitive damages in excess of $250,000 in that there was no evidence of any specific intent to harm

---

[1] The Woods' complaint, twice amended, included a count for malicious arrest and prosecution arising out of Mr. Wood's arrest for simple assault and battery on an arrest warrant sworn out by a real estate agent selling homes for Jenkins. Such criminal action was later dismissed, and the issue of malicious arrest and prosecution did not go to trial.

[2] The Woods originally brought the instant action against Jenkins and the Gosses as co-defendants, but later dismissed as to the latter.

[3] As compensatory damages, the jury awarded the Woods $1,000 for trespass of the retaining wall; $5,000 for negligent construction of the wall and negligent design of the wall; $10,000 for negligent redesign of the wall; and $2,500 for continuing trespass of the wall. Further, finding that "[Jenkins] act[ed], or fail[ed] to act with the specific intent to cause harm to [the Woods,]" the jury awarded the Woods $300,000 as punitive damages. As to the Woods' claims for negligent construction and design regarding the Gosses' home, the jury found for the Woods regarding the former but awarded no damages, otherwise finding for Jenkins on the latter.

the Woods. These claims of error as meritorious in part, we affirm in part, reverse in part, and remand the case for a new trial with direction. *Held*:

1. At the close of the evidence,[4] Jenkins made its motion for a directed verdict as to the Woods' negligent construction claims, arguing, as it does on appeal, that Georgia law does not permit a plaintiff with no interest in the property to bring such claims. We agree. *Wynn v. Arias*, 242 Ga. App. 712, 716 (3) (531 SE2d 126) (2000); see also *Washington v. Combustion Engineering*, 159 Ga. App. 555, 557 (284 SE2d 61) (1981) (absent a legal duty to the plaintiff, no action for negligence against the defendant lies).

Because the Woods failed to show any interest in the Gosses' property, the state court erred in refusing to direct a verdict for Jenkins as to the negligent construction, negligent design, and negligent reconstruction claims in issue. Consequently, we must reverse as to such claims. *Wynn v. Arias*, supra; *Washington v. Combustion Engineering*, supra; see also *Glover v. Ware*, 236 Ga. App. 40, 45 (3) (510 SE2d 895) (1999) (plain legal error standard of review applicable in that issue of law not fact); *Gwinnett County v. Davis*, 268 Ga. 653, 655 (492 SE2d 523) (1997) ("Where it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm. [Cit.]").

2. At trial, upon stipulation of counsel, the Woods introduced the similar transaction evidence this Court allowed them on interlocutory appeal. Jenkins contends that the state court erred in not permitting it to rebut such evidence by evidence of setback violation as to a competing builder — this to show that post-construction requests for variance are common in the building industry, characterizing the Woods' similar transaction evidence as to setback violation by Jenkins as having been admitted to show that Jenkins had "frequently violated the standard of care for residential builders." However, we allowed the Woods' similar transaction evidence on interlocutory appeal as probative of Jenkins's state of mind and intent at the time it built the home and retaining wall in issue. We did not permit such evidence as probative merely of carelessness as a builder, but as probative of knowing carelessness persisted in with utter indifference to the consequences. *Wood v. D. G. Jenkins Homes, Inc.*, supra at 573-574. In particular, such evidence showed that Jenkins built the offending house and retaining wall in the absence of any request for variance in doing so; that Jenkins had other post-construction setback violations in the same time frame, inclusive of a

---

[4] "A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of the case." OCGA § 9-11-50 (a).

zoning appeals board warning indicating that future requests for post-construction setback encroachment would not be approved; and that it had received negative publicity in the local paper.

> In suits for negligence, "similar acts or omissions on other and different occasions are not generally admissible to prove like acts or omissions at a different time or place. (Cit.)" *Skil Corp. v. Lugsdin*, 168 Ga. App. 754-755 (1) (309 SE2d 921) (1983); see *Genins v. Geiger*, 144 Ga. App. 244, 248 (6) (240 SE2d 745) (1977). Nevertheless, such evidence may under certain limited circumstances be admissible to establish, among other things, a course of conduct or bad faith. *Kent v. A. O. White, Jr., Consulting Engineer, P.C.*, 238 Ga. App. 792, 794-795 (2) (520 SE2d 481) (1999); see *Candler v. Davis & Upchurch*, 204 Ga. App. 167, 169 (3) (419 SE2d 69) (1992). Or, when the question of malice or wanton misconduct enters into play, such proof may then be permitted. See *Gunthorpe v. Daniels*, [supra at 114-115 (3)]. But, even under these exceptions, the evidence must not only be relevant but must also be examined to ensure that it will not confuse the issues or present a potential for undue prejudice or unfair surprise. *Dimarco's, Inc. v. Neidlinger*, 207 Ga. App. 526, 527 (1) (428 SE2d 431) (1993).

(Punctuation omitted.) *First Bancorp Mtg. Corp. v. Giddens*, 251 Ga. App. 676, 678 (555 SE2d 53) (2001). Additionally, trial judges may exercise discretion to exclude "relevant evidence if its probative value is substantially outweighed by the risk that its admission will confuse the issue, mislead the jury, or create substantial danger of undue prejudice." *Webster v. Boyett*, 269 Ga. 191, 195 (1) (496 SE2d 459) (1998).

As probative only of industrywide carelessness, the excluded rebuttal evidence about which Jenkins complains was irrelevant. Even were the contrary true to some degree, the state court did not abuse its discretion in refusing to admit the same for the potential that such evidence would have prejudiced the Woods as to Jenkins's liability upon their punitive damages claim. *Webster v. Boyett*, supra.

3. The derivative claims of attorney fees and punitive damages will not lie in the absence of a finding of compensatory damages on an underlying claim. *Wade v. Culpepper*, 158 Ga. App. 303, 305 (279 SE2d 748) (1981). The state court entered its judgment as to attorney fees and punitive damages upon the Woods' claims for continuing trespass to realty, as to which there is and has been no challenge, as well as their failed claims for negligent construction, negligent design, and negligent reconstruction. See Division 1, supra. More-

over, the state court did so upon "lump sum" proof of the Woods' fees and expenses in pursuing their claims as a whole, notwithstanding a jury verdict finding for the Woods on their negligent construction claim as to the Gosses' home but awarding them "no" damages. See id.; see also *Meadows v. Douglas County Fed. Sav. &c. Assn.*, 169 Ga. App. 150 (1) (312 SE2d 169) (1983) (jury verdict awarding plaintiff "0" damages is verdict for defendant). Similarly, while continuing trespass will support a claim for punitive damages, *Holland v. Shackelford*, 220 Ga. 104, 112 (3) (137 SE2d 298) (1964); see also *Sims v. Majors*, 178 Ga. App. 679, 681 (2) (344 SE2d 501) (1986) (if trespass is wilful, plaintiff may recover exemplary or punitive damages), such damages here were awarded upon all the counts on which the Woods prevailed at trial.

Because the Woods did not prove their attorney fees as attributable to each of the claims on which they were awarded damages, their negligence claims as not actionable, and punitive damages as having been awarded without particularity as upon all counts, we must reverse the award of attorney fees and punitive damages and remand the case for a new trial as to both issues. Pertinently, we direct that the trier of fact first resolve whether the evidence supporting the undisputed trespasses regarding the retaining wall encroaching on the Woods' property warrants an award of punitive damages, such finding to be made specially through an appropriate form of verdict in addition to the other required findings. OCGA § 51-12-5.1; *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 778-779 (2) (b) (iii) (556 SE2d 468) (2001). Thereafter, attorney fees should be determined, these limited to work on the Woods' prevailing trespass claims, and, if successfully maintained upon retrial, their punitive damages claim.

4. In light of the foregoing, we need not address Jenkins's remaining claims of error.

*Judgment affirmed in part and reversed in part and case remanded with direction. Johnson, P. J., and Mikell, J., concur.*

DECIDED APRIL 29, 2003 —
RECONSIDERATION DENIED MAY 20, 2003 —

*Webb, Tanner & Powell, Robert J. Wilson*, for appellant.
*Douglas N. Fox*, for appellees.