Melody A. DAREING, f.k.a. Melody A. Bacas, Plaintiff-Appellant,

v.

BANK OF AMERICA CORPORATION, Bank of America, N.A., Defendants-Appellees,

Phelan Hallinan & Jones, LLC, Defendant.

No. 16-16648
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(August 23, 2017)

Melody A. Dareing, Pro Se

Jarrod Sean Mendel, Andrew G. Phillips, McGuireWoods, LLP-GA, Atlanta, GA, for Defendants-Appellees

Before MARCUS, ROSENBAUM, and JULIE CARNES , Circuit Judges.

PER CURIAM:

Melody Dareing appeals the district court's entry of summary judgment in favor of Bank of America, N.A. ("BANA").

She raises multiple issues concerning the district court's consideration of evidence to support its ruling. After careful review, we affirm.

## I.

Dareing, with the assistance of counsel, filed this case in 2014 in the Superior Court of Fulton County, Georgia, seeking to halt a mortgage foreclosure on her home and seeking damages. The complaint raised claims for attempted wrongful foreclosure, violations of the Fair Debt Collection Practices Act ("FDCPA"), declaratory and injunctive relief, punitive damages, and attorney's fees. It named as defendants Bank of America Corporation and Phelan Hallinan and Jones, LLC ("PHJ"), who, as part of a prior foreclosure proceeding, allegedly published a Notice of Sale under Power that declared Dareing to be in default under her loan.

BANA removed the case to federal court, asserting that it was the proper defendant because "Bank of America, Corp. is a holding company, and does not make, own or service loans."[1] At the same time, BANA noted that PHJ had yet to be served. BANA then filed a motion to dismiss, arguing that Dareing had failed to state a claim upon which relief can be granted.

A magistrate judge recommended dismissal of Dareing's FDCPA claim only. With respect to that claim, the magistrate judge found that Dareing had failed to sufficiently allege that BANA was a "debt collector" within the meaning of the Act. The magistrate judge recommended that the remaining claims be allowed to go forward against BANA. As to PHJ, however, the magistrate judge ordered Dareing to

show cause why the complaint should not be dismissed for lack of service of process. Dareing did not object to the magistrate judge's factual findings or legal conclusions. Nor did Dareing respond to the order to show cause.

The district court adopted the findings of the magistrate judge in full. Accordingly, the district court dismissed the FDCPA claim against BANA. The district court also dismissed PHJ as a party. To the extent those dismissals are issues in this case, we do not address or disturb them because Dareing did not properly brief those issues on appeal and, even if she did, she did not object to the Report and Recommendation or otherwise preserve those issues for appeal. *See* 11th Cir. R. 3–1 (2015); *United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003); *Fed. Sav. & Loan Ins. Corp. v. Haralson*, 813 F.2d 370, 373 n.3 (11th Cir. 1987).

Despite having dismissed Dareing's only federal claim, the district court retained subject-matter jurisdiction over the remaining claims against BANA under 28 U.S.C. § 1367. *See Rosado v. Wyman*, 397 U.S. 397, 403–05, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). Dareing did not ask the court to exercise its discretion to remand the case pursuant to § 1367(c)(3), and the district court did not do so sua sponte. So the case proceeded along as usual, allowing the parties to engage in discovery just like in any other case.

Almost a year later, BANA filed a motion for summary judgment. In support of this motion, BANA attached a plethora of documentary evidence to show that "any publication that Plaintiff was in default on her obligations was, and is, true." This

---

1. Without objection from Dareing, BANA was later substituted in place of Bank of America Corporation.

included, but was not limited to, the sworn affidavit of Nicole Patterson, Senior Operations Manager for BANA, who was familiar with the books and records of BANA, and had reviewed specific records related to Dareing's loan, which were also attached in support. BANA also relied on a letter written by Dareing's former counsel in a prior bankruptcy proceeding, acknowledging the existence of default and proposing a payment plan.

In a second Report and Recommendation, the magistrate judge recommended granting BANA's motion. Over Dareing's objection, the magistrate judge expressly considered both the Patterson affidavit and the letter, finding that the former satisfied the business-records exception of Rule 803(6) and that the latter was not protected under Rule 408. Based upon that and other evidence, the magistrate judge concluded that BANA had sufficiently shown that Dareing was, in fact, in default at the time BANA published the Notice of Sale. The magistrate judge further found that Dareing had failed to establish the existence of an issue of material fact that showed otherwise. The district court again adopted the magistrate judge's findings in full and entered summary judgment in favor of BANA. This appeal followed.

On appeal, now proceeding pro se, Dareing argues that the district court erred by considering her former counsel's letter and by not considering various other information, such as "the defendant's egregious actions," "Bank of America's history with errors," and "all statements or letters written by defendant [sic] to Bank of America in conjunction with presented letter." Her primary arguments appear to be that the letter was not an admission of default and that BANA's records inaccurately reflected an arrearage when none in fact existed. Dareing also argues that the district court erred "by not demanding an independent audit for review of actual facts of the case."

## II.

We review the entry of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. *Turnes v. AmSouth Bank, NA*, 36 F.3d 1057, 1060 (11th Cir. 1994). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Id.* Pursuant to Rule 56, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by" citing to record evidence or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (quotation omitted). But "[f]or factual issues to be considered genuine, they must have a real basis in the record." *Id.*

Under Georgia law, attempted-wrongful-foreclosure claims require proof of "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." *Aetna Fin. Co. v. Culpepper*, 171 Ga.App. 315, 320 S.E.2d 228, 232 (1984). Under Georgia's Declaratory Judgment Act, a plaintiff is "required to show that the issuance of a declaratory judgment is necessary to settle and afford [her] relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *City of Atlanta v. S. States Police Benev. Ass'n of Ga.*, 276 Ga.App. 446, 623 S.E.2d 557, 563 (2005) (quotation omitted). "Entry of a permanent injunction is appropriate in clear and urgent cases

where there is a vital necessity to prevent a party from being damaged and left without an adequate remedy at law." *Id.* at 567. But "[t]he derivative claims of attorney fees and punitive damages will not lie in the absence of a finding of compensatory damages on an underlying claim." *D.G. Jenkins Homes, Inc. v. Wood,* 261 Ga.App. 322, 582 S.E.2d 478, 482 (2003).

Here, through record evidence, BANA sufficiently established that it was entitled to judgment as a matter of law by showing that its publication concerning Dareing's financial condition was true at the time of publication (and even today). Although Dareing does not appear to challenge the district court's consideration of the Patterson affidavit on appeal, we agree that this evidence satisfied the business-records exception of Rule 803(6), and it alone was sufficient to establish the existence of default. We also note that the district court relied on other evidence, separate and apart from the letter, to establish that Dareing was, and is, in default.[2]

At that point, it was incumbent upon Dareing—who was represented by counsel throughout the entirety of the proceedings below—to establish the existence of a genuine issue of material fact concerning her default. She simply failed to do so. Although she testified during her deposition that she made all of her payments and that her payments were applied incorrectly, she did not identify which payments were misapplied, explain how they should have been applied, or offer any other evidence to support her subjective opinion. Thus, under these circumstances, where there was overwhelming unrebutted documentary evidence to the contrary, no reasonable jury could return a verdict for her based on that self-serving evidence alone. *See Holi-*

*field v. Reno,* 115 F.3d 1555, 1564 (11th Cir. 1997); *Carter v. City of Miami,* 870 F.2d 578, 585 (11th Cir. 1989).

In this regard, we agree that an "independent audit" of BANA's records may have been helpful, but it was Dareing's option—not the court's burden—to provide one. Having filed this case, Dareing had the burden to prove her claims and the opportunity to participate in discovery to establish evidence. The district court was not obligated to consider any other evidence that was not a part of the record or that was not cited to by Dareing. *See* Fed. R. Civ. P. 56(c)(3); *Mize,* 93 F.3d at 742. Dareing did not cite to any record evidence that would establish the existence of a genuine issue of material fact in this case.

### III.

For these reasons, we conclude that the district court did not err in granting summary judgment in favor of BANA. In short, Dareing failed to establish the existence of a genuine issue of material fact concerning her attempted-wrongful-foreclosure claim because the overwhelming evidence showed that she was, and is, in default. *See Aetna,* 320 S.E.2d at 232. And because no reasonable factfinder could have found that she is not in default, the district court properly granted summary judgment to BANA on Dareing's claims for declaratory and injunctive relief, punitive damages, and attorney's fees as well. *See City of Atlanta,* 623 S.E.2d at 563, 567; *Wood,* 582 S.E.2d at 482.

**AFFIRMED.**

---

**2.** As a result, we decline to address the admissibility of Dareing's former counsel's letter. That letter was merely superfluous and unnecessary to establish the existence of default.

Stated differently, even if the letter would not be admissible at trial, the consideration of it did not have a substantial prejudicial effect on the outcome in this case.