**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 17, 2020**

# In the Court of Appeals of Georgia

A20A0854. ABH CORPORATION et al. v. MONTGOMERY.

RICKMAN, Judge.

After Brandon Montgomery was attacked outside of a gas station and convenience store, he filed suit against ABH Corporation d/b/a Pick Quick Food Store and Khubaib Hussain, the owner/operator of the gas station and convenience store (collectively, "the store"). The store filed a motion for summary judgment, which the trial court denied. The store appeals.[1] For the following reasons, we reverse.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[1] We note that Montgomery failed to file a brief.

entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). "We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the non-moving party." *Bolton v. Golden Bus.*, 348 Ga. App. 761, 761 (823 SE2d 371) (2019).

So viewed, the record shows that Montgomery lived near the store and worked at the barber shop in the shopping center in which the store was located. Montgomery deposed that he had lived in the area for 15 years and was familiar with "the clientele and individuals in the area." Montgomery further deposed that the store was located in a dangerous area and he acknowledged that there was a chance he could be "affected" by the danger.

On August 22, 2015, Montgomery was driven to the store by a friend to buy snacks. Before he entered the store, Montgomery saw a man out front. The man asked Montgomery for money. Montgomery had previously been subjected to similar requests in the same area, and he replied that he had no money and continued into the store. After the man saw that Montgomery was making a purchase, he again approached Montgomery and commented on the fact that Montgomery must have money. Montgomery responded "This is my money, I don't have any money for you." The two continued to exchange words as Montgomery paid and left the store. While

walking back to the car, Montgomery was attacked by the man and other assailants. Montgomery's friend came to his aid and was robbed in the process.

Montgomery sustained injuries in the attack, and he filed suit against the store, arguing that the store breached its duty by failing to keep the premises safe. Montgomery also brought claims for nuisance and punitive damages. The store moved for summary judgment. The trial court denied the motion; and the store's motion for reconsideration. The trial court granted a certificate of immediate review, and we granted the store's application for interlocutory appeal.

The store contends that the trial court erred by denying its motion for summary judgment.

(a) *Premises liability*.

"An owner or occupier of land has a statutory duty to keep its approaches and premises in a reasonably safe condition for invitees." *McAfee v. ETS Payphones*, 283 Ga. App. 756, 757 (642 SE2d 422) (2007). Under Georgia law,

> [t]he proprietor is not the insurer of the invitee's safety, but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. If the proprietor has reason to anticipate a criminal act, he or she then has a duty to exercise ordinary care to guard against injury from dangerous characters.

3

(Citation and punctuation omitted.) *Days Inns of America v. Matt*, 265 Ga. 235, 235 (454 SE2d 507) (1995). "The key question . . . is the landowner's superior knowledge of the criminal activity." *Bolton*, 348 Ga. App. at 762 (1).

"[I]t is the [p]laintiff['s] burden to establish that the property owner had knowledge of the previous substantially similar crimes on or near the premises upon which the plaintiffs rely to establish foreseeability." *Medical Center Hosp. Auth. v. Cavender*, 331 Ga. App. 469, 474 (1) (771 SE2d 153) (2015). According to Montgomery, the store should have forseen his assault because a 911 incident report showed that police were routinely called to the shopping center to respond to suspicious activity and because approximately eight years before the assault one of the assailants was arrested on drug and trespass charges and ordered to stay away from the area. The 911 call log only includes a date, time, and general, vague, description of what the call was regarding. Several of the calls are merely labeled "suspicious." No other details of any of the alleged crimes or corresponding reports were admitted. "[I]t has repeatedly been held that there is no authority in this State imposing a duty upon a property owner to investigate police files to determine whether criminal activities have occurred on its premises." (Citation and punctuation omitted.) *Wojcik v. Windmill Lake Apartments*, 284 Ga. App. 766, 769 (645 SE2d 1)

4

(2007). "Under these circumstances, the existence of crime in the area – by itself – does not raise a genuine question of material fact as to [the store's] knowledge." *Bolton*., 348 Ga. App. at 763 (1). See *Cavender*, 331 Ga. App. at 477 (1) (b) ("[T]he [p]laintiffs [cannot] rest upon the police reports as a means to establish the [d]efendants' knowledge of the activities contained in those reports.")

There was ample evidence, however, that Montgomery knew about the criminal element surrounding the store. Montgomery deposed that he had lived a few minutes from the store for 15 years. He shopped at the store and other businesses in the shopping center "plenty of times." Montgomery also worked at the barber shop, which he said had "very high traffic" of people coming in to use the bathroom for criminal purposes. According to Montgomery, some of his co-workers began carrying guns for personal security. Montgomery deposed that he knew of other people, including his roommate, who had called police from the shopping center, saying "it's just a location where anything happens. Police get called all the time for many reasons."

Accordingly, Montgomery has not shown that there was an issue of material fact concerning whether the store's knowledge of criminal activity at the store or general area was superior to his own. Accordingly, the trial court erred by denying

the store's motion for summary judgment. See *Bolton*, 348 Ga. App. at 764 (1) (holding that the trial court properly granted summary judgment to the property owner on a premises liability claim where there was only evidence of existence of crime in the area); *Cavender*, 348 Ga. App. at 477 (1) (b) (reversing the trial court's denial of defendant's motion for summary judgment in a premises liability case where the plaintiff failed to show that the defendant's knew of the criminal activity in the area).

(b) *Nuisance*.

"[The store] was also entitled to summary judgment on [Montgomery's] nuisance claim, which, like the premises liability claims, stemmed from a purported failure to keep the premises safe." *Bolton*, 348 Ga. App. at 764 (2). "[T]here can be no liability for nuisance without evidence that the defendant had notice or knowledge of the alleged defect." (Citation and punctuation omitted.) Id. See *Thompson v. City of Atlanta*, 274 Ga. App. 1, 4 (2) (616 SE2d 219) (2005). "Montgomery's failure to raise a genuine issue of fact as to [the store's] knowledge, therefore, was fatal to this claim, as well." *Bolton*, 348 Ga. App. at 764 (2).

(c) *Punitive damages and attorney fees*.

"The derivative claims of attorney fees and punitive damages will not lie in the absence of a finding of compensatory damages on an underlying claim." *D. G.*

6

*Jenkins Homes v. Wood*, 261 Ga. App. 322, 325 (3) (582 SE2d 478) (2003). Because Montgomery's underlying claims are meritless, the trial court erred by failing to grant the store summary judgment on Montgomery's claims for punitive damages and attorney fees. See *Bolton*, 348 Ga. App. at 764 (3) ("[B]ecause the trial court correctly granted summary judgment to [defendant] on [plaintiff's] underlying claims against [defendant], the grant of summary judgment on [plaintiff's] punitive damages and attorney fees claims was also proper.") (citation and punctuation omitted); see *Albee v. Krasnoff*, 255 Ga. App. 738, 744 (7) (566 SE2d 455) (2002).

*Judgment reversed. Dillard, P. J., and Brown, J., concur*.